JAMES STEEL <i>vs.</i> SYLVANUS BATES.

The 5th section of the act of 1803, requiring justices of the peace not to default an action until two hours after the time set for trial, is intended to apply exclusively to the return day of the writ, and cannot be extended to cases which have been once called by the court at the time appointed, and continued.

This was a case of *audita querela* tried before the county court, April term, 1829, wherein the plaintiff prayed that a certain judgment, rendered against him by a justice of the peace, in favor of the said *Sylvanus Bates,*might be set aside. The defendant pleaded the *general issue,* and on trial to the jury the complainant introduced evidence tending to show, that said cause of *Bates* against *Steel,* was continued from the 9th day of August to the 29th day of September, at one o'clock, P. M. and the defendant introduced evidence tending to prove that said cause was continued to nine o'clock, forenoon, instead of one o'clock, P. M. of said day. It appeared in evidencce that the justice entered a default in said action at a quarter of an hour before eleven o'clock, on the 29th day of September, 1827.

The complainant offered evidence tending to prove, that he appeared by his counsel at the place to which said action was continued in the forenoon of the said 29th day of Sept.at 9 o'clock, A. M. and that the office, at which the trial had been appointed, was then locked,and no person was in it ; and again, at a little after 1 o'clock, P. M. at which last mentioned time, said justice had gone from the office to his house—That application was made to said justice by *Steel's* attorney or agent to return to said place of trial and erase said default ; but the justice refused.

Evidence was introduced tending to prove that the justice arriv-

ed at the office at about half past nine o'clock, forenoon, on said 29th day of September, and continued there until one o'clock, P. M.

The court charged the jury, That the law requiring a justice of the peace not to default an action, until two hours after the time set in the writ, had not been applied to actions which had been once called by the court at the time appointed in said writ and continued, but that they would find no difficulty upon that subject ; for if they found that the justice continued at the place appointed in the record of adjournment, from the time therein appointed until the end of two hours or longer, whether he made the entry of the default a quarter of an hour before the two hours had expired, or at the end of the same, would make no difference.    The court further instructed the jury, That if they found said cause was continued until nine o'clock, and that *Steel* consented to it ; or if it was continued to that hour against his consent, yet if he knew the time and place, he had no cause of complaint :   for if he forgot the time, or trusted to his counsel, who forgot the hour, or if he by accident was prevented from attending, it was his misfortune, and they must return a verdict for defendant.    But if they should find the cause was continued until one o'clock, afternoon, and *Steel* or his attorney was there, and the court not, and that the action was defaulted at eleven in the forenoon, then they would return a verdict for the plaintiff.   The jury returned a verdict for the defendant.   The complainant excepted to the charge of the court, and the cause was removed to this Court on a motion for a new trial.

After argument, the opinion of the Court was delivered by

PADDOCK, J.   Were we confined as strictly to the paragraph in the 5th section of the act of 1803, as contended for by the counsel for the plaintiff, we should be under the necessity of extending it to this case.    But the whole section is to be taken together, in order to give a true construction to that part intended to be applied here.    It is " That no court shall be appointed to be holden before a justice of the peace, for the trial of any civil cause " or action, at an earlier hour than nine in the forenoon, nor at a " later than six in the afternoon ; nor shall any default be taken " until two hours after the time set for trial.   Nor shall any plaintiff be suffered to enter his action after the expiration of two " hours from the time set in his writ for trial, unless by the consent of the defendant, which consent shall be entered on the " records of said justice."   Statutes are to be construed according to their obvious meaning ; and surely no one can read this section and not say, that in point of time, it is intended to apply ex-

ORLEANS,
July,
1829

Steel
vs.
Bates.

clusively to the return day of the writ; and no forced construction can extend it to a subsequent period. Those too, who have a knowledge of the complaints in the state at the time of the passage of the law, also know the evils intended to be remedied by it. It was then said, and I believe with too much truth, that writs were made returnable at one o'clock in the afternoon, and not in fact go into the hands of the justice until six or nine in the evening; and then be defaulted; notwithstanding the defendant might have attended at the hour and place appointed, but have retired, believing there was some mistake.

The Court are not authorized to extend the provisions of this act to adjourned causes; therefore, the judgment of the county court must be affirmed.

                                        Judgment affirmed.

S. Cushman, for plaintiff.
Geo. C. West, for defendant.