### RICHARD HOWE *vs.* HARRIS HOSFORD *et al.*

A justice of the peace cannot continue a cause returnable before another justice, under the statute of 1832, who is interested as bail for the prosecution.

If a justice, who is interested, does continue a cause, and the parties appear at the time and place to which the cause is continued, take a trial on the merits and make no objection on account of the improper continuance, they cannot afterwards move to dismiss the cause for that reason; but the irregularity in the continuance is considered as waived.

This was a suit which came up from a justice of the peace by appeal. The record showed that the cause was adjourned in the absence of the justice before whom the writ was returnable, by Z. Howe, Esq. who was bail for the prosecution. The defendant moved to dismiss the suit, contending that Howe had no jurisdiction in the case, and to the decision of the court, dismissing the suit, the defendant excepted.

*J. Clark for defendant*—In this case the defendants contend, that Z. Howe, Esq. having been recognized for costs, in the suit continued by him, had not jurisdiction to continue it, by virtue of the statute.—See acts of 1832, p. 3.

By that act, any justice of the peace of the same county, who could legally try *a cause* between the parties may, at the time, continue the cause, if the justice be unable to attend.

The legislature could not have intended as insisted by plaintiff. For in that case, if Z. Howe had been the owner of the demand against defendants, he might have continued his own cause for the reasons mentioned in the statute, provided he was not within the fourth degree of affinity or consanguinity to the defendants, a construction

evidently not intended by the legislature. The continuance of
the cause was a judicial act and should have been performed by a
disinterested justice of the peace.

The principle, as contended for by the defendants, has been de-
cided by the county court in Addison county.

*Z. Howe for plaintiff.*—In this cause, the principal question
presented for consideration is, whether a justice of the peace, hav-
ing become recognized for costs of prosecuting a suit before another
justice, can, in case of the sickness of the justice signing the writ,
continue such cause, agreeably to the statute of 1832?—See 2d
vol. Compiled Laws, p. 30.

The statute provides, "that whenever any civil process shall
have been served, returnable before any justice of the peace with-
in this state, and at the time appointed for the trial, said justice, by
reason of sickness or other cause, shall be unable to attend at the
place appointed for holding the court, any justice of the peace, for
the same county, who could legally try *a* cause between the par-
ties, may, at the time and place of trial, continue such cause to
some time, when, in his opinion, the justice of the peace who
signed the writ will be able to attend.

This statute, being remedial, is entitled to a liberal construction.
—Black. vol. 1 p. 87 and 88, Christian's Note, 19.

Should the statute receive such construction, the question is de-
cided at once. But give the statute a *strictly literal* construction,
and it confers the power on such justice to perform this act. The
language of the statute is, "any justice of the peace, who could
legally try *a* cause between the parties, may," &c., and not,
any justice who could legally try *the cause* to be continued. This
latter expression would have, unquestionably, been used, had this
been the intention of the legislature. A justice may have disqual-
ified himself for *trying* the cause in question, by having formed
and *expressed* an opinion, by having been counsel for one of the
parties, by having become bail for the defendant, by endorsing his
name on the back of the writ, or, as in the present case, by be-
coming bail for the costs of prosecution on the part of the plaintiff,
still such justice is authorized to continue such cause agreeably to
the provisions of the statute, at the same time giving the statute a
*strictly literal* construction. But there is no good reason why this
statute should not receive a *liberal* construction. It authorises the
performance of a mere ministerial act, and no danger can be ap-
prehended by giving the statute that construction, which will make

RUTLAND,
*February*,
1836.

Howe
*vs.*
Hosford.

it operate most beneficially to prevent the evil intended to be prevented by its passage.

Again, this motion is out of season. It being in the nature of a plea in abatement, it should have been made before the justice. By omitting to do so, this question was waived by the defendants. —Vt. Rep. vol. 6, p. 509 and 511, Kellogg ex parte.

The opinion of the court was delivered by

WILLAMS, Ch. J.—This case presents for consideration the construction to be placed on the statute of 1832, which provides, "that whenever any civil process shall have been served, returnable before any justice of the peace within this state, and at the time appointed for the trial, said justice, by reason of sickness or other cause, shall be unable to attend at the place appointed for holding the court, any justice of the peace for the same county, who could legally try *a cause* between the parties, may, at the time of trial, continue such cause to some time when, in his opinion, the justice of the peace, who signed the writ, will be able to attend."

It appears that Mr. Howe, the justice who continued the cause, was interested in the same, as bail for the prosecution. The act which the justice is required to perform, in such cases, is not to be considered as a mere ministerial act. The justice must determine as to the time to which the trial is to be postponed, and must enter on the files the reasons for which the continuance is granted. We think the obvious meaning of the statute is, that the justice who is to perform this act, must be one who could try *the cause in controversy*, and that a different construction would be manifestly absurd. The legislature evidently intended that the magistrate should be one who could have taken cognizance of the suit or cause, and could not have intended to exclude those magistrates only, who could try no cause between the parties ; that is, those magistrate alone, who were within the fourth degree of consanguinity and affinity to the parties. Mr. Howe being the bail in the suit, was not such a magistrate as was authorised by the statute to continue the cause.

But this was only an irregularity in the proceedings, which the parties might waive, and unless seasonably noticed, should be considered as abandoned. We find, on examination of the records, that at the time to which the continuance was granted, the defendant did not insist on this irregularity. This was the time when his motion to dismiss should have been made. By appearing in the

suit, at the time to which the same was continued; taking a trial on the merits; appealing to the county court, and not making any motion to dismiss the suit, until after it came into the county court, he must be considered as having waived any advantage or benefit which he might have insisted on, on account of the irregular continuance.

The judgment of the county court must therefore be reversed, and the cause remanded for trial.