UZZIEL WHITCOMB *v.* HIRAM ROOD.

When terms, or modes of expression, are employed in a new statute, which had acquired a definite meaning and application in a previous statute on the same subject, or one analogous to it, they are generally supposed to be used in the same sense ; and, in settling the construction of such new statute, regard should be had to the known and established interpretation of the former.

7

Whitcomb *v.* Rood.

The words "Whenever, at the time and place appointed for the trial of any civil suit before a justice, such justice shall be unable to attend, any other justice may continue the cause," &c., in sec. 19 of chap. 26 of the Revised Statutes, apply only to the time and place appointed in the writ for trial, and do not authorize such other justice to continue the suit after it has been once *continued* by the justice who signed the writ.

Where a suit had been once continued by the justice who signed the writ, and afterwards, in the absence of the justice, it was continued by another justice, and the defendant appeared at the day to which it was so continued and moved to dismiss the suit, and the motion was overruled and judgment rendered against him, from which he appealed, it was held, upon the motion to dismiss being renewed in the county court, that the action *should be dismissed.*

In this case, which came to the county court by appeal, the defendant, at the first term, filed a motion to dismiss the suit, and assigned as cause, that the suit was originally commenced before a justice of the peace and was once continued by him; that in the absence of the justice at the day to which it had so been continued, it was again continued by another justice; and that at the day to which it was so continued the defendant appeared and moved to dismiss the suit, for the reason that it had been so continued by another justice; which motion was overruled and judgment rendered for the plaintiff. The plaintiff replied, showing the proceedings had in reference to the continuances, and denying that this operated a discontinuance of the suit; and to this replication there was a general demurrer.

The county court, March Term, 1846,—BENNETT, J., presiding, —dismissed the action; to which decision the plaintiff excepted.

*Smalley & Phelps* for defendant.

The only question in the case is, whether a suit, which has been once continued by the justice before whom it was commenced, can be again continued by another justice, under the provisions of chap. 26, sec. 19, 20, of the Revised Statutes. The language of the twentieth section seems explicit;—"No suit shall be more than once continued, except by the justice by whom it is to be tried,"— obviously meaning, that no suit, having been once continued, shall be again continued, except by the justice before whom it is to be tried. The words of the nineteenth section, also,—" *time appoint-*

Whitcomb *v.* Rood.

*ed for trial*,"—would seem to refer to the return day of the writ only. And very similar language in the statute of 1803,—Slade's St. 136,—was by this court construed to apply only to the return day. *Steele* v. *Bates*, 2 Vt. 320. The provision of the nineteenth section, that such continuance shall not deprive the defendant of the right to plead any dilatory plea, goes far to strengthen this view of the construction of the statute, inasmuch as no such plea can be pleaded, except at the return day of the writ. The statute of 1832, on this subject, was substantially the same as this; and under that statute it was held, that the right of another justice to continue extended only to the return day of the writ. *Phelps et al.* v. *Wood*, 9 Vt. 399. Thomp. St. 30.

*A. B. Maynard* and *A. Peck* for plaintiff.

The words "*whenever at the time and place appointed for trial*," used in section 19 of the statute, are general, and, in term, comprehend as well the "time and place appointed" by a continuance, as those appointed in the writ. Statutes are to be construed according to the plain and obvious meaning of the words; and they should also be so construed, as to give meaning and effect to all their provisions. Upon the construction we contend for, the last clause in sec. 19 is equally operative, as upon the more narrow construction; since, upon either construction, cases must arise of continuances by another justice at the return day of the writ, requiring the operation of the provision respecting dilatory pleas. This construction also shows the necessity of and gives effect and meaning to sec. 20, which provides that the cause shall be only once continued, except by the justice before whom it is to be tried; but if the construction is adopted limiting the statute to the time appointed in the writ for trial, sec. 20 becomes useless, as without it by no possibility could a case be but once so continued,—since a writ can have but one return day appointed *in the writ* for trial.

The opinion of the court was delivered by

ROYCE, Ch. J. It has not been questioned in the argument, but that the defendant might appeal from the judgment against him, without losing the benefit of his motion to dismiss, provided that motion was well founded, when made in the justice court. Indeed, this is

impliedly admitted by the plaintiff, in his manner of answering the motion, when renewed in the county court. He resisted it solely on the ground, that it was unfounded in law. Hence we have only to determine, whether the action became legally discontinued on the second Tuesday of November, as the motion assumes.

If the 19th and 20th sections of the present statute are to be understood with no reference to the constructions which had been given to previous enactments, they can certainly be made to sustain the act of Justice Bishop in continuing the suit. But when terms or modes of expression are employed in a new statute, which had acquired a definite meaning and application in a previous statute on the same subject, or one analogous to it, they are generally supposed to be used in the same sense; and in settling the construction of such new statute, regard should be had to the known and established interpretation of the old.

By the statute of 1803 no court could be appointed to be holden before a justice, for the trial of any civil cause, or action, at an earlier hour than nine o'clock in the forenoon, nor at a later than six in the afternoon; nor was any default to be taken, "until two hours after the time set for trial." And it was long since decided, and settled, that the latter clause related exclusively to the time set for trial *in the process*, and not to any time set or appointed by adjournment of the suit. *Steele* v. *Bates*, 2 Vt. 320. The statute of 1832 embraced the identical subject matter of legislation, to which the present 19th and 20th sections are devoted. It was there provided, that when any civil process should be served, returnable before a justice, "and at the time appointed for the trial " such justice should be unable to attend, another justice might continue the suit. And it was soon after held, in *Phelps et al.* v. *Wood*, 9 Vt. 399, that the " time appointed for the trial " was the time appointed in the writ; and that the power of another justice to continue the suit could only be exercised at that time. To this has succeeded the present enactment in the 19th section, that—" Whenever, at the time and ' place appointed for the trial of any civil suit before a justice, such ' justice shall be unable to attend, any other justice may continue ' the cause " &c. And the question is, whether the time set for trial, or appointed for the trial, which, under the previous statutes, had uniformly been held to mean the time set or appointed in the

writ,was designed, by the language here recited, to receive a more extended meaning.

It is urged, that, without the enlarged construction claimed by the plaintiff, the 20th section is rendered needless, which provides that—"No suit shall be more than once continued, except by the ' justice by whom it is to be tried." But the same objection was applicable under the statute of 1832 ; for that provided—" that said ' cause shall not be continued by such justice more than once, nor for a longer period of time than thirty days." Indeed, these two sections of the present statute are substantially a repetition of the corresponding provisions in the statute of 1832, omitting the mention of process having been served, and substituting the expression " whenever " &c. And although the use of this expression might, perhaps, induce the court to construe " the time appointed for the trial " as applicable to a time appointed by adjournment of the suit, were we now called for the first time to settle the import of these words, yet, as they had a more restricted meaning under previous statutes, from which they have been adopted into the present act, we do not feel warranted in saying that any new meaning was intended to be given them. We therefore take the word "whenever" to mean *in all cases* which should need the intervention of another justice, as it was allowed under the preceding statute.

Judgment of county court affirmed.