# ADDISON COUNTY.

---

## Gustavus A. Austin *v.* Reuben Smith.

*Suit before justice of the peace.    Continuance.    Waiver of irregularity.*

If, after a suit has been once continued by the justice of the peace before whom the writ is made returnable, it be again continued, in the absence of the justice, by another justice of the peace, who is related to the plaintiff within the fourth degree of consanguinity, yet if the defendant subsequently appear in the suit, and suffer a judgment to be rendered against him, by consent, and appeal therefrom to the county court, it will be a waiver, by him, of the irregularity in the previous proceedings.

Assumpsit upon a promissory note.    The writ was made returnable before H. Hale, a justice of the peace, on the twenty first of October, 1848, and the parties appeared on that day, and the suit was continued by the justice to November 13, 1848; and on that day, Justice Hale being absent, the suit was continued to December 23, 1848, by A. L. Catlin, a justice of the peace, but who was related to the plaintiff within the fourth degree.    On the twenty third of December, 1848, the parties appeared, and judgment was rendered for the plaintiff by Justice Hale, without objection by the defendant, and with his consent, for $43,44 damages, and $3,56 costs; from which judgment the defendant appealed to the county court.    At the term of the county court, at which the suit was entered, the defendant moved, that the suit be dismissed, for the reason, that Justice Catlin was related to the plaintiff within the fourth degree, and also for the reason, that the suit was continued by him, after it had been once continued by the justice, before whom the writ was made returnable.

The county court, June Term, 1849,—Bennett, J., presiding,—dismissed the suit.    Exceptions by plaintiff.

*H. Hale*, for plaintiff, cited Gould's Pl. 41, § 33; 231, § 13; Steph. Pl. 484, n. 7, and App., n. 82; Chit. Pl. 448; *Howe* v. *Hosford*, 8 Vt. 220; and *Nason et al.* v. *Smalley et al.*, 8 Vt. 118.

*E. J. Phelps*, for defendant, relied upon the case of *Whitcomb* v. *Rood*, 20 Vt. 49, and Rev. St. c. 26, §§ 10, 19.

The opinion of the court was delivered by

Royce, Ch. J. The defendant had a right to treat the suit before the magistrate as being discontinued, from the time of the adjournment ordered by Justice Catlin, for both reasons assigned in the motion;—1. Because, the suit having been already continued by Justice Hale, it was too late for another magistrate to direct a farther adjournment; and 2. Because Justice Catlin, being related to one of the parties within the fourth degree of consanguinity, was disqualified to act in the matter.

But the exceptions and the record of the justice show, that the defendant interposed no objection to the right of Justice Hale to proceed in the case on the twenty third of December, and that the judgment was then rendered against him without objection on his part, and with his express consent. And it was held in *Howe* v. *Hosford*, 8 Vt. 220, that such an adjournment of a justice suit would operate a discontinuance of the action, *at the election of the defendant*, that it was an irregularity which he might waive, and, that, if he afterwards appeared, and, without objection on that ground, went to trial on the merits, it should be deemed a full and complete waiver. We do not perceive, how the defendant's concurrence and assent to the judgment in this instance can be regarded otherwise, than as a waiver of all objection on the score of previous irregularity, or want of jurisdiction in the magistrate, when the judgment was rendered. The case of *Howe* v. *Hosford* must therefore be considered as decisive of the present case, against the defendant.

Judgment of county court reversed, and cause remanded to that court.