## BENJAMIN AMES *v.* MINER HILLIARD.

### *Justice of the Peace.*

Where, under the statute, as it stood in March, 1850, a suit had been once continued by the justice who signed the writ, and afterwards, in the absence of the justice, it was continued by another justice, and the defendant, at the day to which it was so continued, appeared and moved to dismiss the suit, the justice decided to dismiss the action, and rendered judgment for the defendant to recover his costs,—*it was held* that the judgment so rendered was neither irregular or erroneous, and that it is sufficient to support an action of debt.

When the suit is, in form, pending before the justice, and the parties in court, it is competent for the justice, upon dismissing the suit, to give judgment in favor of defendant, for costs.

ACTION OF DEBT, on judgment of a justice of the peace.— Plea, *nul tiel record,* and issue to the court.

The plaintiff, on trial, offered in evidence a copy of record, from which it appeared that the justice adjourned the case from February 21, 1850, to the 19th day of March, 1850, and that said justice being absent on the 19th, another justice continued the case to the 26th day of March, 1850, at which time, the parties appeared, and defendant moved that the suit be dismissed, which motion was entertained, and judgment rendered for the defendant to recover his costs.

The defendant in the present suit objected, that said copy did not furnish evidence of a legal judgment; but the County Court overruled the objection, and upon said evidence, rendered judgment for the plaintiff.

Exceptions by defendant.

*Edgerton & Allen* for defendant.

In an action of debt on a judgment, where the defendant pleads *nul tiel record,* the plaintiff, in order to sustain his action, must give in evidence the record of a valid judgment. *Wright* v. *Fletcher,* 12 Vt. 431. *Boston India Rubber Fac'y* v. *Hoit,* 14 Vt. 92. 3 Phillips Ev. Cowen & Hill's Notes, 826.

The plaintiff in this case did not offer in evidence the record of a valid judgment; but on the contrary, only the pretended record of a void judgment; void, because it was rendered on the 26th of March, 1850, and the suit in which it was rendered had been discontinued on the 19th day of the same month, by the absence of the justice who signed the writ, and want of power in the justice to continue the suit. *Phelps* v. *Birge,* 11 Vt. 161. *Brown* v. *Stacy,* 9 Vt. 118. *Whitcomb* v. *Rood,* 20 Vt. 49. *Pike* v. *Hill,* 15 Vt. 183.

Where a suit has been thus discontinued, all subsequent proceedings on the part of the justice are unauthorized and void, unless, the suit was revived by the consent of both parties, and such consent was not given in this case. *Crawford* v. *Cheney,* 12 Vt. 567. *Hinman* v. *Swift,* 18 Vt. 315. *Paddleford* v. *Bancroft,* 22 Vt. 529. *Pike* v. *Hill,* 15 Vt. 184.

*Roberts & Fowler* for plaintiff.

The justice followed the law in dismissing the action. *Whitcomb* v. *Rood,* 20 Vt. 49.

Upon general principles, the plaintiff having appeared, and sought the action of the justice as against the other party, he had *jurisdiction* to pass upon the question of discontinuance, and so to render judgment against the plaintiff for costs.

The irregularity in the continuance was of such a character, that it must have been objected to, or it would be treated as waived. *Howe* v. *Hosford,* 8 Vt. 220. *Austin* v. *Smith,* 23 Vt. 704.

It would be absurd to say, that the objection not being made, the justice may render judgment against the defendant; but, being made, no judgment can pass for him.

BY THE COURT. The question before us, in this case, is a very narrow one. It is whether a justice of the peace, in a case before him, after having once continued the action himself, and subsequently another justice also continued it, had, as the statute stood, in March, 1850, any such jurisdiction of the action, as to enable him, after the parties had appeared before him, and he had, on motion of the defendant, decided to dismiss the action, to render judgment for defendant to recover costs. And if he does, whether such judgment is sufficient to support an action of debt.

The judgment to be defeated, in this mode, must be absolutely void, so as, in fact, to be no judgment. Since the decision of *Howe* v. *Hosford,* 8 Vt. 220, it has been considered, that any irregularity in the continuance of an action, by another justice than the one who signed the writ, was to be taken advantage of at the earliest possible time, by plea or motion; and if not so taken, and the case went to trial, it would be regarded as waived, and thus cured; or if the defendant made no appearance, and the justice gave judgment against him, notwithstanding such irregularity, he could, at most, only have redress by *audita querela.*

But, at all events, it seems to us, that while the suit is, in form, pending before the justice, and the parties in court, it is competent for the justice, upon dismissing the suit, to give judgment in favor of defendant, for costs. The case is stronger than one of which the justice had no jurisdiction, and in that case, by statute, he may give judgment for costs. But any other judgment, in a

case where the court had no jurisdiction, would be absolutely void, and might be defeated in an action of debt, if the defect appeared upon the proceedings.

In this case, the error is a mere irregularity, which, if not urged in time, is considered as waived. If the case proceed to trial, it is not even the ground of a writ of error. And if the party do not appear, and the justice proceed to render judgment for plaintiff, possibly it might be set aside upon *audita querela,* but it clearly is not void. In that case it might be voidable. But in the present case, the judgment of the justice is, to all intents, right. It is neither erroneous or irregular, and is precisely *the* judgment which was rendered by the County Court, in *Whitcomb* v. *Rood* 20 Vt. 49, and which was affirmed by this court.

Judgment affirmed.