Doyle, J.
The city of Barberton, since the amendment of April 25, 1910 (101 O. L., 134) of Section 3812, General Code, levied assessments upon the lots of the plaintiff and of the plaintiffs in the other- cases submitted to the court with this case, whereby it sought to charge by the ‘ ‘ foot frontage ’ ’ of the property bounding and abutting upon the improvement.
The plaintiffs own comer lots which front on other streets than the one on which the improvement was made for which they are assessed, and they have been charged upon each linear foot of those sides of their lots which abut upon the improved street.
The property owners claim that they are only properly . chargeable on thé number of feet of the sides of their respective lots which abut upon the streets toward which the.lots 'front.
The municipal authorities claim that the case of Village of Oakland v. Stoecklin, 81 O. S., 332, controls and should guide the court in passing upon the legality of this municipal action, regardless of the wording of the ordinances.
The old municipal law of assessments provided in Section 2264, Revised Statutes, that assessments could be made by the foot,front of the'property bounding and abutting upon the improvement.
In 1893 the Supreme Court, in Haviland v. Columbus, 50 O. S., 471, held, that “if a lot abuts lengthwise on the improvement, but fronts breathwise on another street and not on the *366 improvement, the lot 'should be deemed .as fronting breadthwise on the improvement, and be assessed for the number of feet on the improvement that it would have in such ease, and no more.”
The front of a lot or property is that part or side which, is most conspicuous or important, and from the manner in which it is laid out or in which it has been built upon, and used and occupied by the owner constitutes the foremost or forward part or side of the property.
This interpretation of the law was approved and affirmed in Sandrock v. Columbus, 51 O. S., 317; and Toledo v. Sheill, 53 O. S., 447. The latter affirmation was made in 1895.
The rule thus fixed for assessing corner -lots or properties was that they were to be assessed for as many feet, at the fixed rats of assessment per foot front, as were contained on the side of the lot or property which constituted its front, even though that might not be the side which abutted on the street for the improvement.of which the property was being assessed.-
In 1902 the new municipal code was passed (96 O. L., 39, Sec. 50) changing the wording of old Section 2264, so that the'new rule for assessing read “by the foot frontage,” instead of-“by the foot front.” Bates' Rev. Stat., 1536-210.
This section was amended April, 1904 (97 O. L., 98), but-no change was made in the wording -of this part of the section.
January 18, 1910, the Supreme Court was called upon to-interpret the meaning of the new assessment clause in Village of Oakland v. Stoecklein, 81 O. S., 332, and held that:
“Since the municipal code passed October 22, 1902 (96 O. L., 20), repealed Section 2264, Revised Statutes and defined the following mode of assessing the costs and expenses -of street improvements “by the foot frontage of the property bounding and abutting upon the improvement,” the rule, of assessment laid down in Haviland v. City of Columbus, 50 O. S., 471, is abrogated, and municipalities are authorized to assess upon an entire lengthwise frontage of a lot abutting upon the improvement."
There is no real difference between the terms “foot front” and “foot frontage,” they both meaning the linear extent measured, by the foot, of the front part of the lot or property.
*367 The Supreme Court, however, has found an intention of the General Assembly, by amending the old section (2264, Rev.. Stat.), to change the meaning thereof as the same had theretofore been interpreted by the Supreme Court.
Hence, the change in the rule of assessment' by the rule of feet front was based entirely on an intention of the Legislature to do so from the fact that the old law was changed by substituting the word “frontage” for the word “front.”
The General Code passed February 14, 1910, approved February 15, 1910, contains the same words in Section 3812 for assessing the feet front of a property as were used in Section 50 of municipal code (Bates’ Rev. Stat., 1536-210).
April 22, 1910, Section 3812, General Code, was amended (101 v. 134), so that this method of assessment whs provided for in the exact language of Section 2264, and Section 3812 of the General Code was repealed. The method of assessment is now “by the foot front.”
By the same rule of construction applied in Village of Oakland v. Stoecklein, this court, if it follows the Supreme Court, as it is bound to do, must hold that the Legislature by changing the wording of “foot frontage” back to “foot front” meant to repeal its abrogation of the rule.in the ITaviland case and return to the old rule with the interpretation of and construction placed upon it by the Supreme Court.
Moreover, there is a settled rule of construction that governs in this ease, and may be found in Black on Interpretation of Laws, page 161, with citation of cases supporting the text.
“When a statute has received a settled judicial 'Construction, and is afterwards re-enacted by the same Legislative power, in the same terms, or in substantially the same language, for the same purpose and- object, it will be presumed that the Legislature intended that the re-enacted law should bear the same interpretation which was given to. its original, and it will be construed accordingly, unless a contrary intention is very clearly shown.”
The interpretation and construction of the old section with-the wording “foot front” became a part of that rule of assessment therein laid down. Black on Interpretation of Laws, 369, and any terms used in the new law which had received judicial *368 construction when used in a former statute, must be taken with the meaning formerly given to them by the courts which construed them. Whitcomb v. Rood, 20 Vt., 49; Woolsey v. Cade, 54 Ala., 378.
Section 3812 of the General Code having been amended by the General Assembly (101 v. 134) so that the third method of assessing property for the improvements of streets on which it abuts, is re-enacted in the same terms and identical language used in a former statute, to-wit, Section 2264, and for the same purpose and object, it will be presumed that the General Assembly intended that it should receive the same interpretation which was given to its original.
The interpretation and construction made in Haviland v. Columbus, having been made and approved in three decisions of the Supreme Court, furnishes a rule that binds this court, and the rule in the Haviland case must prevail.
A.t the time the ordinances of the city of Barberton were passed ,the city could only assess "by the foot front,” etc., according to the amendment of 3812, General Code, made April 22, 1910 (101 O. L., 134).
The Barberton legislation and proceedings had pursuant thereto levied an assessment-"by the foot frontage” and giving to this term, when used in connection with the making of street assessments, the meaning given to it by the Supreme Court in Oakland v. Stoecklein in 1910, the municipality of Barberton was without authority to make an assessment whereby lots could be assessed on the entire lengthwise side abutting on the improvement, because the statute as it then existed only empowered the municipality to assess "by the foot front,” which term had been theretofore found by the Supreme Court to bear a different meaning from "foot frontage” and called for and limited the assessment to the number of feet in the side on the front of the lot whether the front were on the improvement or not.
In view of the legislation existing on this subject and the interpretations of and constructions 'placed thereon by our highest judicial authority, this court is obliged to sustain the contention of the plaintiffs and accord them the relief asked for.