STATE OF VERMONT
SUPERIOR COURT — ENVIRONMENTAL DIVISION

}
**In re Morrill House, LLC & Smith Variance** }     **Docket No. 27-2-10 Vtec**
}

## Decision on Cross-Motions for Summary Judgment

Howard Smith and Morrill House, LLC ("Applicants") have appealed a decision of the Town of Fair Haven Zoning Board of Adjustment ("ZBA"), which denied Applicants' application for a variance to subdivide property located on the corner of Prospect Street and Pleasant Street in the Town of Fair Haven.  The sole issue raised by the pending appeal involves the deemed approval doctrine.  Applicants ask in their three-question Statement of Questions whether the pending application should be deemed approved under either the Town of Fair Haven Zoning Ordinance ("Zoning Ordinance") or 24 V.S.A. § 4464(b)(1).

Applicants are represented by Theodore F. Robare, Esq.; the Town of Fair Haven ("Town") is represented by William J. Bloomer, Esq.; Interested Person Adams Family Property, Inc. has entered an appearance in these proceedings though its non-attorney representative John T. Adams.

Currently pending before the Court are cross-motions for summary judgment.  The Town seeks partial summary judgment that the statutory remedy of deemed approval, pursuant to 24 V.S.A. § 4464(b)(1), is inapplicable as a matter of law.  Applicants respond in opposition and seek a summary ruling that either § 4464(b)(1) or the applicable provisions of the Zoning Ordinance support the application of deemed approval.  Interested Person Adams Family Property, Inc. has chosen not to file a response to the pending cross-motions, which are now ripe for review.

## Factual Background

For the sole purpose of putting the pending motions into context, we recite the following facts, which we understand to be undisputed unless otherwise noted:

1.     Applicants own property at the corner of Prospect Street and Pleasant Street in the Town of Fair Haven.  The current use of the property is not entirely clear from the record thus far

1

provided to the Court, but it appears to currently have a residential use. The property is in the Residential Zoning District.

2. On October 15, 2009, Applicants submitted a zoning permit application, seeking approval to subdivide the property. It appears that Applicants sought approval to create a two-lot subdivision, but the complete application, including the sketch plan, is not included in the record currently before the Court.

3. The Zoning Administrator, Mr. Caryl P. Adams, denied the permit application after concluding that the proposal failed to comply with the side-yard setbacks, the rear-yard setback, and the minimum lot width requirements.

4. Applicants then submitted to the ZBA an application for a variance on October 16, 2009. This application is the subject of the pending appeal, but it is not included in the record.

5. The ZBA held a public hearing on the application on November 9, 2009.

6. Mr. Adams represents that he informed Applicant Smith at the conclusion of the hearing that he would be calling Applicant Smith with notice of the ZBA decision. Applicant Smith disputes this fact, insisting that Mr. Adams never informed him that a telephone call would be forthcoming.

7. The ZBA entered into an executive session following the November 9 hearing, and after concluding its deliberations, the ZBA voted to deny Applicants' request. The Town has not provided a copy of the minutes from the hearing,[1] but the Town has submitted affidavits from three individuals who were present during deliberations: Thomas Bruso, a member of the ZBA; Caryl Adams, the Zoning Administrator; and Bonnie Rosati, another member of the ZBA. Each individual has confirmed that the ZBA resolved to deny Applicants' variance request. Applicants have not disputed this fact.

8. Bonnie Rosati, one of the ZBA members, was charged with drafting a written decision; Mr. Adams was instructed to notify Applicants of the decision.

9. On the morning of November 10, 2009, the day after the public hearing, Mr. Adams represents that he called Applicant Smith to notify him of the decision. Mr. Adams called the telephone number Applicants had previously provided, but did not reach Applicant Smith.

---

[1] The Town's attorney represents that the ZBA does not generate minutes from its public hearings; an audio recording is created instead. No recording has yet been provided to the Court.

Instead, he left a message on the phone number's voicemail recording system, which he believed to be Applicant Smith's based on the recorded instructions.

10.     Applicant Smith disputes this and maintains that he never received a phone call from Mr. Adams.

11.     The ZBA decision was not memorialized on paper in a timely fashion. No written decision had been drafted by December 25, 2009, which marked forty-five days after the November 9 public hearing was adjourned. Ms. Rosati represents that she inadvertently failed to prepare a timely written decision because "other matters, including the upcoming holidays, occupied [her] time and attention." Rosati Aff. ¶ 7 (Mar. 30, 2010).

12.     After realizing her mistake, Ms. Rosati drafted the ZBA findings and decision and delivered it to the clerk of the ZBA on or about January 11, 2010. It appears from the record that the written decision was then distributed to the ZBA members, who reviewed and signed it on January 15, 2010. The ZBA decision is not included in the record currently before the Court.

13.     Applicant Smith maintains that he never received any notice of the decision until he received the ZBA decision shortly after January 15, 2010.

14.     Applicants filed a timely appeal with this Court on February 12, 2010. Applicants' three-question Statement of Questions asks whether their variance application should be deemed approved under either the Town of Fair Haven Zoning Bylaws or 24 V.S.A. § 4464(b)(1).

<u>Discussion</u>

This appeal involves Applicants' attempt to secure a variance by operation of law in order to subdivide property at the corner of Prospect Street and Pleasant Street in the Town of Fair Haven. Applicants seek a summary ruling that their application should be deemed approved pursuant to either the Zoning Ordinance or 24 V.S.A. § 4464(b)(1); Applicants allege that because the ZBA failed to sign and distribute a written decision within forty-five days of the final public hearing, their subdivision application should be deemed approved as a matter of law. The Town opposed Applicants' assertion and has filed its own motion, requesting a summary determination that the statutory remedy of deemed approval is inappropriate as a matter of law.

Our review of the pending cross-motions must begin with the reminder that summary judgment is appropriate only "when there are no genuine issues of material fact and, viewing the evidence in a light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." In re Carter, 2004 VT 21, ¶ 6, 176 Vt. 322; V.R.C.P. 56(c).

3

"When both parties move for summary judgment, each is entitled to the benefit of all reasonable doubts and inferences when the opposing party's motion is being judged." City of Burlington v. Fairpoint Commc'ns, 2009 VT 59, ¶ 5 (citing Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990)). We apply these standards to the issues raised in the pending cross-motions, turning first to the statutory remedy of deemed approval in 24 V.S.A. § 4464(b)(1).

Pursuant to § 4464(b)(1), a zoning permit application may be approved by operation of law if the ZBA fails to issue a decision within forty-five days of the final public hearing. It states:

> The panel shall adjourn the hearing and issue a decision within 45 days after the adjournment of the hearing, and failure of the panel to issue a decision within this period shall be deemed approval and shall be effective on the 46th day. Decisions shall be issued in writing and shall include a statement of the factual bases on which the appropriate municipal panel has made its conclusions and a statement of the conclusions.

24 V.S.A § 4464(b)(1). Applicants argue that their pending application should be deemed approved because the ZBA failed to sign and distribute a written decision until sixty-seven days after the November 9, 2009 public hearing, which was well beyond the forty-five-day time-period. The Town contends that there is no basis to apply the doctrine of deemed approval because the undisputed facts show that the ZBA voted to deny Applicants' variance request on November 9, 2009, immediately following the public hearing. According to the Town, the failure to memorialize the decision in writing until January 15, 2010, was not the result of a policy or purpose to withhold notice, and deemed approval is therefore inappropriate as a matter of law. As is explained more fully below, we agree with the Town and conclude that the statutory remedy is inappropriate under these circumstances.

Trial courts are directed to take a "conservative approach" to the doctrine of deemed approval, since when applied more liberally, "the deemed approval remedy can operate to grant permits wholly at odds with the zoning ordinance." In re McEwing Servs., LLC, 2004 VT 53, ¶ 21 177 Vt. 38. A liberal application of the doctrine can "turn[] a negative decision into a positive one with no finding that the landowner meets the requirements of the zoning ordinance." In re Newton Enters., 167 Vt. 459, 465 (1998). Its application must therefore be "balance[d] against the paramount obligation to protect the safety and general welfare of the public." Id. It should not be used "beyond its purpose to 'remedy indecision and protracted deliberations.'" Id. (quoting In re Fish, 150 Vt. 462, 464 (1988)). It must instead be reserved for instances where it

4

"clearly implements the statutory purpose." Id. To this end, the Supreme Court has consistently declared that deemed approval is not appropriate for instances that involve "timely rendered, but technically deficient or insufficiently noticed decisions." In re McEwing Servs., LLC, 2004 VT 53, ¶ 21 (citing cases).

Here, the undisputed facts indicate that the ZBA voted unanimously to deny Applicants' variance request and did so immediately following the November 9 public hearing. Although the Town has neither produced meeting minutes nor provided the Court with an audio recording of the meeting, deliberations, or vote, the Town has proffered three affidavits from individuals who were present at the November 9 hearing.[2] The Zoning Administrator and two members of the ZBA have each declared under oath that the ZBA resolved to deny Applicants' variance request after its deliberations and following the public hearing. Applicants provide no evidence to refute these attestations, and there is no suggestion that the ZBA engaged in indecision or protracted deliberations.

Granting Applicants' variance request by operation of law would clearly be contrary to the purposes of the deemed approval doctrine: it would transform the ZBA's adverse decision into a positive one, with no showing that a variance is warranted, and no showing that the ZBA engaged in the indecision and protracted deliberations that, according to the Supreme Court, the statute is intended to ward against. Even when viewing these facts in a light most favorable to Applicants, the evidence directs that application of the deemed approval doctrine is not appropriate here.

Applicants nevertheless contend that deemed approval is appropriate in this case for several reasons. First, Applicants argue that the ZBA did not reach a decision until sixty-seven days after the public hearing when it drafted a written decision on January 15, 2010, apparently contending that a decision is not final until it is reduced to writing. In support, Applicants point to 24 V.S.A. § 4464(b)(1), which says that "[d]ecisions shall be issued in writing and shall include a statement of the factual bases on which the appropriate municipal panel has made its

---

[2] It is unfortunate that the ZBA does not cause minutes of its meetings to be created, as the lack of minutes has perhaps contributed to some of the uncertainty here. It also conflicts with state law, which says that municipal panels, such as the ZBA, "shall keep minutes of its proceedings, showing the vote of each member upon each question." 24 V.S.A. § 4461(a). Nevertheless, the Supreme Court has consistently held that "technical defects in the decision or decision-making process" do not support the application of the deemed approval doctrine. In re McEwing Servs., LLC, 2004 VT 53, ¶ 21.

conclusions and a statement of the conclusions." 24 V.S.A. § 4464(b)(1). We reject Applicants' arguments for the following reasons.

The Supreme Court concluded in In re White that deemed approval is inappropriate even though a decision is not reduced to writing. 155 Vt. 612 (1990). In White, the zoning board voted to deny a request for a conditional use permit after holding a public hearing; "the board notified [the applicant] orally of its decision, but never put the decision in writing." White, 155 Vt. at 614–15. On appeal, the applicant argued that the board's oral decision did not constitute a final decision, and requested that the application be approved by operation of law. Id. at 615. The Court rejected this argument, noting that "the deemed approval remedy manifests a preference for timely decisions over written ones." Id. at 616; see also City of Rutland v. McDonald's Corp., 146 Vt. 324, 331 (1985) (holding that inadequate findings in a decision does not mean that a zoning board has failed to act for purposes of deemed approval). It concluded that deemed approval is inappropriate when "the board has made a decision and communicated it to the applicant." White, 155 Vt. at 616. Therefore, a permit application does not receive approval by operation of law merely because the decision was not reduced to writing in a timely manner.

Applicants next argue that the ZBA failed to provide proper notice of the decision, contending that the ZBA was required to provide notice of the decision by certified mail. See 24 V.S.A. § 4464(b)(3) ("Any decision shall be sent by certified mail within [forty-five days of the final public hearing] to the applicant and the appellant in matters on appeal."). Applicants maintain that the variance application should be deemed approved because the ZBA did not provide written notice of the decision until sometime after January 15, 2010, more than sixty-seven days after the November 9, 2009 public hearing.

The Supreme Court expressly rejected this argument in Hinsdale v. Village of Essex Junction, when it determined that the remedy of deemed approval is not directed when a municipal panel fails to timely mail its written decision. 153 Vt. 618, 623 (1990). The Court explained that "[t]he Legislature has not created a deemed-approval remedy for failure to give written notice of a decision within the forty-five days." Id. Approving an application by operation of law merely because written notice was lacking would "extend the statutory approval remedy to technical defects in the notice provided," rather than remedy indecision or protracted deliberations. Id. at 624. The Court concluded that delayed or deficient notice, while violative

6

of the statutory directive, should not result in a land use application being deemed approved, since even in light of this defect, "the board has made a decision and given the parties actual notice of its action before the expiration of the forty-five day period, regardless of when the decision is reduced to writing." Id. at 625. Accordingly, we conclude here that Applicants' application is not deemed approved merely because Applicants did not receive written notice of the decision by certified mail within the statutory period.

Finally, Applicants argue that the deemed approval remedy is appropriate in this case because the ZBA failed to provide any notice that the variance application had been denied. Applicants insist that the Zoning Administrator failed to inform them of the decision until sometime after the January 15 written decision was issued, more than sixty-seven days after the final public hearing. Even when viewing the facts in a light most favorable to Applicants (and assuming that the Zoning Administrator did not call Applicant Smith the morning after the November 9 public hearing and leave a message with the ZBA decision), we conclude that the remedy of deemed approval remains inappropriate.

The Supreme Court has previously held that the failure to provide notice within statutorily mandated forty-five-day window does not automatically support the application of deemed approval. Leo's Motors, Inc. v. Town of Manchester, 158 Vt. 561, 561–62 (1992); see generally, Loveland v. Gorczyck, 173 Vt. 501, 504–06 (2001) (mem.) (Skoglund J., dissenting, joined by Johnson, J.) (discussing the evolution of the notice requirement in relation to the remedy of deemed approval). In Leo's Motors, the Town of Manchester denied two variance applications following a public hearing. 173 Vt. 501, 562. A written decision was drafted and signed, but was not mailed to the applicants in a timely manner because the zoning administrator's position was vacated. Id. Thus, the applicants had no notice that their variance application had been denied until more than forty-seven days after the final public hearing. Id. In rejecting the remedy of deemed approval, the Court concluded that the notice requirement was directory, not mandatory. Id. at 563–64. Although the Court recognized that the purpose of the statute might not be served without requiring some form of notice, it determined that negligence or inadvertence unrelated to the timeliness of the decision-making process ought not defeat the strong policies in favor of zoning regulation. Id. at 564.

The doctrine of deemed approval was intended to remedy defects in the decision-making process, not the failure to provide timely notice. Id. Thus, the Supreme Court concluded that

7

deemed approval is inappropriate when the decision is made before the forty-five-day window closes, despite the failure to notify the applicant of the decision, so long as the failure "is inadvertent and not the result of a policy or purpose to withhold notice of the decision." Id. at 565.

The Court reaffirmed this conclusion in In re Griffin when it rejected the deemed approval remedy even though the applicant was not informed of the decision until seventy-nine days after the final public hearing. 2006 VT 75, ¶¶ 13–15, 180 Vt. 589 (mem.). The Griffin Court determined that the doctrine of deemed approval was inappropriate, despite the untimely notice, because the zoning board acted on the application within the statutory time-period. Id. at ¶¶ 13–15. Even though a written decision was neither signed by the zoning board nor sent to the applicant within the statutorily mandated time-period, the zoning board timely made a decision by voting unanimously in favor of a draft decision that was being circulated. Id. at ¶¶ 7, 14. The Court concluded that deemed approval was inappropriate despite the late notice because the board was not engaging in indecision or protracted deliberations, and there were no allegations that notice was withheld as a result of policy or purpose. Id. ¶ 15.

In light of this precedent, we conclude that deemed approval is inappropriate in this instance, even when viewing the facts in a light most favorable to Applicants. Assuming that the Zoning Administrator failed to provide oral notice of the ZBA decision and that notice of the denial was not provided until after January 15, 2010, we conclude that this delay does not trigger deemed approval, so long as the infirmity was not a result of a policy or purpose to withhold notice. The crux of the deemed approval doctrine involves whether a decision was reached in a timely manner, not whether timely notice was provided to the applicant.[3] The remedy does not apply to instances that "involve timely rendered, but technically deficient or insufficiently noticed decisions." In re McEwing Servs., LLC, 2004 VT 53, ¶ 21; see also In re Trahan, 2008 VT 90, ¶ 15, 184 Vt. 262 (refusing to extend the remedy to "technical defects in the notice provided" (quoting In re Fish, 150 Vt. at 465)).

Here, the undisputed evidence reveals that the ZBA resolved to deny Applicants' variance request on November 9, 2009, immediately following the public hearing. Although the Town does not produce minutes of their meetings to support this historical summary, three

---

[3] By this statement, we do not intend to condone the tardy notice to Applicant of the decision; in fact, we specifically find this tardy notice regrettable. However, we find no language in the statute, nor precedent from our Supreme Court, that allows for the remedy of deemed approval when a tardy notice occurs.

8

different individuals have attested that a decision was reached. This fact is undisputed. Further, nothing in the record indicates that the delay in committing the decision to paper was caused by the ZBA's indecision or prolonged deliberations. Likewise, Applicants have provided no evidence to suggest that the delay resulted from a policy or purpose to deprive Applicants of notice of the decision. The only evidence suggests that the drafting delay was inadvertent, because "other matters, including the upcoming holidays, occupied [Ms. Rosati's] time and attention." Rosati Aff. ¶ 7 (Mar. 30, 2010). Thus, granting Applicants' variance by operation of law, simply because of technical defects, would turn a negative decision into a positive one, and one that approves a new subdivision that does not conform to the minimum setback and lot width requirements. Such a result would be contrary to established precedent. In re Newton Enters., 167 Vt. 459, 465 (1998). This is not one of those situations where the deemed approval remedy would "clearly implement[] the statutory purpose" of remedying indecision and protracted deliberations. Id. Accordingly, even when viewing the facts in a light most favorable to Applicants, we must conclude that deemed approval is inappropriate here.

Our conclusion is not changed by the fact that the deemed approval statute was revised since the Supreme Court's decisions in White, Hinsdale, Leo's Motors, and Griffin. In White, Hinsdale, and Leo's Motors, the zoning board was required to "render" a decision to avoid deemed approval,[4] while the zoning board in Griffin was required to "act to approve or disapprove" an application within the requisite time-period.[5] Conversely, the statutory provision at issue in this case requires the zoning board to "issue" a decision within forty-five days. See 24 V.S.A. § 4464(b)(1).[6] Apart from this minor alteration, the requirements of these three statutory provisions remain substantially similar, and neither party has provided a record of legislative history or other reason to conclude that the change in statutory verbiage alters the Supreme

---

[4] "The board of adjustment or the development review board shall render its decision, which shall include findings of fact, within forty-five days after completing the hearing, and shall within that period send to the appellant, by certified mail, a copy of the decision. . . . If the board of adjustment or the development review board does not render its decision within the period prescribed by this chapter, the board shall be deemed to have rendered a decision in favor of the appellant and granted the relief requested by the applicant on the last day of such period." 24 V.S.A. § 4470(a) (2003).

[5] "The board of adjustment or the development review board shall act to approve or disapprove any such requested conditional use within sixty days after the date of the final public hearing held under this section, and failure to so act within such period shall be deemed approval." 24 V.S.A. § 4407(2) (2003).

[6] "The panel shall adjourn the hearing and issue a decision within 45 days after the adjournment of the hearing, and failure of the panel to issue a decision within this period shall be deemed approval and shall be effective on the 46th day. Decisions shall be issued in writing and shall include a statement of the factual bases on which the appropriate municipal panel has made its conclusions and a statement of the conclusions." 24 V.S.A. § 4464(b)(1).

Court's jurisprudence on the remedy of deemed approval. Absent an express indication that the Legislature disapproved of the Court's decisions involving the deemed approval doctrine, we must adhere to the existing interpretations. See Kapusta v. Dep't of Health/Risk Mgmt, 2009 VT 81, ¶ 15, 186 Vt. 276 ("[W]e presume that the Legislature is familiar with our interpretation of statutes and does not overrule this interpretation unless it does so explicitly."); see also Whitcomb v. Rood, 20 Vt. 49 (1847) ("[W]hen terms or modes of expression are employed in a new statute which had acquired a definite meaning and application in a previous statute on the same subject, or one analogous to it, they are generally supposed to be used in the same sense; and, in settling the construction of such new statute, regard should be had to the known and established interpretation of the old."). In the absence of an expressed desire by the Legislature to overturn the Supreme Court precedent expressed in Leo's Motors and Griffin by replacing the statutory term "rendered" with the term "issued," we decline to render such precedent meaningless.

Thus, we conclude that the statutory remedy of deemed approval remains inappropriate as a matter of law when the undisputed evidence indicates that a decision was made within the statutorily required time-period, whether or not that decision is memorialized in writing or timely sent to the applicant, so long as the failure to do so was not the result of a policy or purpose to deprive the applicant of notice. Leo's Motors, Inc. v. Town of Manchester 158 Vt. 561, 561–62 (1992); but see In re: Clyde's Place, LLC, Application, No. 9-1-08 Vtec, slip op. at 10–11 (Vt. Envtl. Ct. Nov. 14, 2008) (Wright, J.) (noting that a vote is insufficient without a written decision). For these reasons, we must **GRANT** the Town summary judgment that the statutory remedy of deemed approval, pursuant to 24 V.S.A. § 4464(b)(1), is inappropriate to the case at bar. Accordingly, Applicants' motion on this issue is **DENIED**.

Applicants have also moved for a summary ruling that the Zoning Ordinance supports the application of the deemed approval doctrine. The Zoning Ordinance in effect at the time of Applicants' application is substantially similar to the provision at issue in White, Hinsdale, and Leo's Motors. It states:

> The Board of Adjustment shall render any decision on an appeal, which shall include findings of fact, within forty-five (45) days after completing the hearing, in accordance with Section 4470 of [24 V.S.A., Chapter 117]. If the Board fails to act within this period it shall be deemed to have rendered a decision in favor of the appellant and granted the relief requested on the last day of such period.

10

Zoning Ordinance § 666 (June 2, 1998); see also <u>supra</u>, note 4. As is explained above, the Supreme Court has consistently made clear that 24 V.S.A. § 4470(a) (2003) is not to be applied in a wooden fashion; it should be reserved for instances where it clearly implements the statutory purpose and avoided when it transforms a negative decision into a positive one. <u>In re Newton Enters.</u>, 167 Vt. 459, 465 (1998). We therefore conclude, as we did above, that Zoning Ordinance § 666 does not support the application of the deemed approval doctrine. Applicants' motion on this issue is also **DENIED**.

Although the Town has not moved for a summary ruling that the deemed approval remedy in Zoning Ordinance § 666 is inapplicable to the instant facts, we conclude that summary judgment is warranted in favor of the Town. Summary judgment, where appropriate, "may be rendered against the moving party." <u>In re Appeal of Hildebrand</u>, 2007 VT 5, ¶ 9, 181 Vt. 568 (mem.) (quoting V.R.C.P. 56(c)(3)). The undisputed facts, even when viewed in a light most favorable to Applicant, do not support the remedy of deemed approval, pursuant to Zoning Ordinance § 666. There is no dispute that the ZBA resolved to deny Applicants' application within forty-five days of the public hearing. Even though the decision was not memorialized on paper until after the forty-five-day time-period expired, there is no evidence in the record to suggest that the delay was the result of a policy or purpose to deprive the applicant of notice. The remedy of deemed approval is inappropriate to these circumstances as a matter of law. <u>Leo's Motors, Inc. v. Town of Manchester</u> 158 Vt. 561, 561–62 (1992).

Since Applicants' entire appeal is premised upon the applicability of the deemed approval doctrine, we conclude that the undisputed material facts, even when viewed in a light most favorable to Applicants, requires that we decline to adopt the legal arguments Applicants have preserved in this appeal. See V.R.E.C.P. 5(f) ("The appellant may not raise any question on the appeal not presented in the statement [of questions] as filed . . . ."). We therefore **GRANT** the Town summary judgment and deny Applicants' application as a matter of law, thereby concluding that an evidentiary hearing is not necessary.

<u>**Conclusion**</u>

For all the reasons more fully discussed above, we **GRANT** the Town of Fair Haven summary judgment that neither 24 V.S.A. § 4464(b)(1) nor Zoning Ordinance § 666 support the application of deemed approval to Applicants' pending application. In so doing, we conclude that, even when viewing the facts in a light most favorable to Applicants, deemed approval is

11

inappropriate, despite the failure of the ZBA to provide timely notice or a written memorial of their decision. The undisputed facts indicate that the ZBA resolved to deny Applicants' application immediately following the final public hearing; there has been no evidence presented that any tardiness or defects in the notice or writing were the result of any policy or purpose to deprive Applicants of notice. Applicants' motion for summary judgment is therefore **DENIED** and their application is **DENIED** as a matter of law.

A Judgment Order accompanies this Decision. This concludes the current proceedings on the pending application before this Court.

Done at Berlin, Vermont, this 3rd day of September 2010.

_____
Thomas S. Durkin, Judge