STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Todd and Terry   }
Ashline   }
  }   Docket No. 278-12-00 Vtec
  }
  }

Decision and Order on Appellant=s Motions for Summary Judgment

Appellants Todd and Terry Ashline appealed from a decision of the Development Review Board (DRB) of the Town of St. Albans upholding a notice of violation issued by the Zoning Administrator. Appellants are represented by Gary W. Lange, Esq.; the Town is represented by David A. Barra, Esq. Appellants have moved for summary judgment.

The following facts are undisputed unless otherwise noted.

Appellants own property known as 348 Lake Road in the Commercial zoning district, which has been used as a duplex residence. Its use as a duplex appears[1] to be a pre-existing, nonconforming use; material facts are in dispute as to whether that use continued through the period after the zoning district had changed to > Commercial.= Appellants assert that they received a zoning permit on October 26, 1989, for an addition to the then-existing house, and that they received a zoning permit on November 23, 1998 for construction of a 25' x 32' addition, shown on the sketch plan as 16 feet from the side property line. In the A remarks@ section, that permit states A ZBA approval in 1989[;] no records available to support this. Went before zoning in > 98 for a 14' variance[;] was denied. Advised no variance required to be 16' away.@

On February 11, 1999, Appellants applied for a certificate of occupancy and for a certificate of compliance for the as-built construction, marking the box for A current use of property@ as > duplex.= The Zoning Administrator wrote a letter to Appellants dated July 2, 1999, advising them that ZBA approval was required for them A to reconstruct@ their duplex.@ The letter warned them that, because the duplex had already been constructed without application to the ZBA, Appellants were in violation of the bylaws, and advised them to complete the > enclosed application= to avoid the issuance of a notice of violation.

Appellants then appear to have applied for conditional use approval for the duplex; that application has not been supplied. The ZBA held a hearing with only six members of the nine-member board present on August 12, 1999. The motion for A approval for the duplex on this property@ received a majority of those present (four votes in favor and two opposed), but failed because it did not get a majority of the nine-member board. Appeal of Reynolds, Docket No. 98-580 (Vt. Supreme Ct., February 11, 2000).

A written decision denying the application was issued on September 16, 1999. It contains findings on the conditional use criteria as well as regarding the grandfathering or abandonment of the duplex use. No appeal was taken from this decision and it became final. Appellants did not reapply with more evidence regarding the question of abandonment of the grandfathered use, nor did Appellants request that the matter be placed back on the agenda of the ZBA when more members could be present.

The following year, on August 4, 2000, the Zoning Administrator sent a Notice of Violation that Appellants had continued to use their property as a duplex despite the August 12, 1999 denial of their conditional use application. Appellants appealed the Notice of Violation to the ZBA. At the

ZBA hearing on the appeal, on September 28, 2000, the Zoning Administrator advised that Appellants had asked for the matter to be continued to October 10, 2000, due to insufficient notification of the neighbors making the application incomplete. At that time the Town was in the process of changing from a ZBA to a Development Review Board (DRB), and the October 10 hearing date was to be the first meeting of the new DRB. One ZBA member opposed continuing the matter to the DRB, and moved to reverse the Zoning Administrator= s Notice of Violation. That motion was seconded, but after some discussion of Robert= s Rules of Order, the second was withdrawn. The motion failed for lack of a second and was not further addressed or voted upon. Instead, ZBA voted 6 to 1 to continue the hearing until October 10, 2000 before the new DRB. No appeal was taken from the ZBA= s action on September 28, 2000, and it became final.

On October 10, 2000, the new DRB considered the appeal of the Notice of Violation, and upheld the notice of violation, issuing a written decision dated November 16, 2000. The present appeal is from that DRB decision.

Appellants raise six questions in their Statement of Questions. The first four questions relate only to the 1999 ZBA hearing and decision: 1) whether the ZBA could issue a decision with less than a majority vote of the full board; 2) whether the ZBA improperly denied conditional use approval on August 12, 1999 for lack of concurrence of a majority of the full ZBA; 3) whether the ZBA= s September 16, 1999 written denial was a patently defective non-decision under 24 V.S.A. ' 4462(a); 4) and if so, whether the ZBA= s failure to render a decision within 45 days after the hearing results in the deemed approval of the conditional use application. The fifth question relates to the ZBA= s September 28, 2000 hearing: whether it was procedurally defective for failure to entertain a seconded motion. The sixth and final question, not addressed in the motion for summary judgment, is whether the findings of fact in the written decisions of the ZBA in 1999 and the DRB in 2000, failed to comply with the requirements of 24 V.S.A. ' 4470(a).

Appellants wish to argue that the ZBA= s September 16, 1999 decision denying conditional use approval was invalid, that it does not count as a decision, and that therefore they are entitled to the deemed approval of their conditional use application. We do not reach the likelihood that the deemed approval remedy would be inapplicable here, as this was not a situation of indecision or protracted deliberations, In re Appeal of Newton Enterprises, 167 Vt. 459, 465 (1998), because Appellants did not appeal the ZBA= s September 16, 1999 decision and it became final. It may not now be collaterally attacked in the present proceedings. 24 V.S.A. ' 4472(d); City of South Burlington v. Vermont Dep= t of Corrections, 11 Vt. L. Wk. 219, 220 (2000). Accordingly, summary judgment must be denied to Appellants and granted to the Town on Questions 1 through 4 of the Statement of Questions, and the portion of Question 6 relating to the ZBA= s 1999 decision, each of which is a collateral attack on the ZBA decision of September 16, 1999.

Appellants= remaining issue is that the ZBA violated Robert= s Rules of Order at the September 28, 2000 hearing by not voting on a seconded motion, and that this procedural error also should result in a deemed approval, reversing the Notice of Violation. First, the minutes reflect that the second was withdrawn, so that the motion failed for lack of a second. Even if that withdrawal of the second had been ineffective, in this instance Appellants also failed to appeal the ZBA= s action at the September 28, 2000 hearing, and therefore are precluded from raising it in this appeal. 24 V.S.A. ' 4472(d). In any event, again no protracted deliberations are implicated, so that the deemed approval remedy would not apply.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants= Motion for Summary Judgment is DENIED and summary judgment is entered for the Town on Questions 1 through 5 of the Statement of Questions, and that portion of Question 6 dealing with the 1999 ZBA decision.

While all that remains is the question of the adequacy of the DRB= s findings in its September 2000 decision, it is apparent to the Court from reading the minutes and history of this matter that

Appellants may not have had a sufficient opportunity to present to the ZBA (now the DRB) their evidence on when the duplex use was in place, and the circumstances of its continuation or abandonment, sufficient to obtain a ruling on the merits of whether they had a grandfathered duplex use or not. The Town may wish to consider, in light of the confusion evidenced in those minutes, whether it would be just to allow Appellants to apply or reapply to the Zoning Administrator (and, if necessary, appeal to the now-DRB) for a ruling on whether their duplex use could be continued or whether it had been abandoned. Accordingly, we will set this matter for a telephone conference in July, but request that the parties discuss the matter prior to that time.

Done at Barre, Vermont, this 14th day of June, 2001.


_____
Merideth Wright
Environmental Judge

---

### Footnotes

1.    The parties have not submitted the Zoning Regulations, nor the date when Appellants acquired the property, nor the date when it began to be used as a duplex, nor whether or when it was not being used as a duplex. The minutes of the 1999 ZBA hearing [Exhibit D] reflect Appellants' assertion that the property had been used as a duplex since 1947, that at the time construction was begun on the addition in 1989 the property was zoned 'Residential' and was therefore a conforming use, and that the property was rezoned 'Commercial' since that time. Exhibit A reflects that Appellants purchased the property in May of 1989 ; the minutes reflect that they acquired it from Mrs. Ashline's parents: James and Nancy Willette. Without the Zoning Regulations, it is not clear whether a duplex use in the Commercial zoning district is a conditional use or whether it is not an allowed use at all in that district.