## In re Appeal of Newton Enterprises

[708 A.2d 914]

No. 97-105

Present: **Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.**

Opinion Filed January 23, 1998

Motion for Reargument Denied February 12, 1998

*Andrea L. Gallitano* of *Otterman and Allen, P.C.*, Barre, for Appellant.

*Richard A. Cawley,* Bradford, for Appellee.

**Dooley, J.** The Town of Fairlee appeals from a decision of the environmental court that (1) appellee Newton Enterprises, Inc. received a zoning permit by operation of law because a majority of the zoning board of adjustment failed to act on its request to change its nonconforming use and (2) the Town is not entitled to an injunction against appellee's multiple uses. We agree that the permit was not granted by operation of law and remand for consideration of the merits.

Newton Enterprises operates a business, commonly known as Newton's Texaco, on a .9 acre lot at the intersection of U.S. Route 5 and the Lake Morey Road in the Town of Fairlee. The business was in place before the Town adopted a zoning ordinance. According to the Town, the number of uses on this lot have increased since zoning was adopted to the point where there are too many uses for the size of the lot. Newton Enterprises agrees there are multiple uses, but asserts they existed before the Town adopted the zoning ordinance.

The matter came to a head in 1995 when Newton Enterprises received a state permit to add a grill and food preparation to the convenience store it operated on the premises. On receiving notice of the permit, the planning commission decided that Newton Enterprises operated three independent businesses on the site, but did not meet the minimum lot size requirement of the zoning ordinance for this intensity of use. On November 8, 1995, following a meeting between the Fairlee Planning Commission and the owners of Newton

Enterprises, the zoning administrator advised Newton Enterprises that it was in violation of the zoning ordinance. The zoning administrator suggested that Newton Enterprises apply for a variance, but also informed it that it could appeal the violation determination to the zoning board. When Newton Enterprises failed to respond, the zoning administrator issued a cease and desist order on January 11, 1996. When Newton Enterprises again failed to respond, the Town, on February 22, 1996, filed an injunction action in the environmental court seeking an injunction against the multiple uses.

The injunction action finally induced Newton Enterprises, on April 3, 1996, to appeal from the zoning administrator's action to the zoning board. The board denied that appeal on April 26, 1996. Newton Enterprises appealed that decision to the environmental court, but also sought zoning-board approval to alter or expand its nonconforming uses from "large & small engine repair, sales & service and convenience store" to "large & small engine repair, sales & service and convenience store with grill and enhanced food preparation and service."

The zoning board held a hearing on Newton Enterprises' request on August 1, 1996. Five of the seven members of the board were present, but one member abstained from participating because of a conflict of interest. Following the hearing, the remaining four members of the board voted to deny the request on a vote of three to one. The board notified Newton Enterprises of the decision on August 5, 1996, and Newton Enterprises appealed this decision to the environmental court.

The environmental court considered cross-motions for summary judgment in each of the three cases before it. The court granted the Town summary judgment in Newton Enterprises' appeal of the zoning administrator's cease and desist order, ruling that the appeal to the zoning board was untimely. It granted summary judgment for Newton Enterprises in its appeal of the decision to deny it approval to modify its multiple uses. The court ruled that the zoning board's vote was ineffective because it was not joined in by a majority of the board. As a result, the court further ruled that the board had failed to take action within forty-five days and Newton Enterprises was entitled to a permit by operation of law pursuant to 24 V.S.A. § 4470(a). Because it ruled that Newton Enterprises was entitled to a permit, it dismissed the Town's request for an injunction, reserving decision on the Town's request for a civil penalty.

462

■ On appeal, the Town argues first that the court erred in denying the injunction because Newton Enterprises is collaterally estopped from claiming that it is not in violation of the zoning ordinance because it failed to file a timely appeal from either the noncompliance decision or the cease-and-desist order of the zoning administrator.[1] We note, at the outset, that this issue involves part of the relief requested in the enforcement action and that the enforcement action is still pending before the environmental court on the Town's request for civil penalties. Thus, there is not yet a final judgment in the enforcement action; nor has the environmental court made the determination required by V.R.C.P. 54(b). Accordingly, we do not have jurisdiction to consider the appeal of the denial of the injunction. See *Hospitality Inns v. South Burlington R.I.*, 149 Vt. 653, 656, 547 A.2d 1355, 1358 (1988) (final judgment is ordinarily prerequisite to appellate jurisdiction); *Szirbik v. R.K. Miles, Inc.*, 137 Vt. 108, 108, 400 A.2d 1001, 1001 (1979) (when judgment order does not dispose "of all the claims, rights and liabilities of all the parties," there is no appellate jurisdiction absent a Rule 54(b) determination).

We recognize, however, that if the Town's position is correct, the environmental court erred in giving Newton Enterprises a permit. Thus, we consider the Town's position as a reason to reverse the grant of the permit.

■ The Town relies on *Town of Charlotte v. Richmond*, 158 Vt. 354, 609 A.2d 638 (1992), where we held that failure to appeal to the zoning board of adjustment from a zoning administrator's decision that a landowner was in violation of the zoning ordinance bound the landowner in a later enforcement action. See *id.* at 357, 609 A.2d at 640. Thus, the landowner could not raise the affirmative defense of permitted nonconforming use in the enforcement action. See *id.*; see also *Town of Sandgate v. Colehamer*, 156 Vt. 77, 85, 589 A.2d 1205, 1210 (1990). We agree with the Town that Newton Enterprises cannot claim that its current uses conform to the zoning ordinance, and therefore are lawful, because it failed to take a timely appeal from either the notice of violation or the cease-and-desist order. We do not agree, however, that failure to appeal from the zoning administrator's

---

[1] The first notice the zoning administrator sent to Newton Enterprises apprised it of its right to appeal the administrator's decision to the zoning board. See *Town of Randolph v. Estate of White*, 166 Vt. 280, 287, 693 A.2d 694, 698 (1997) (to meet due process requirements, notice of violation must inform the landowner how to contest the decision). Thus, Newton Enterprises has raised no issue of adequacy of notice.

notices prevents Newton Enterprises from seeking a permit to make its multiple uses lawful.

The holdings in *Richmond* and *Colehamer* are based on 24 V.S.A. § 4472(a), which provides that except in certain circumstances "the exclusive remedy of an interested person with respect to any decision or act taken . . . under this chapter . . . shall be the appeal to the board of adjustment"; and on § 4472(d), which provides that failure to appeal to the board means that all interested persons are bound by the decision of the administrator and may not contest it directly or indirectly in an enforcement action. See *Richmond*, 158 Vt. at 356-57, 609 A.2d at 640; *Colehamer*, 156 Vt. at 85, 589 A.2d at 1210. In this case, the decision of the administrator was that Newton Enterprises was conducting at least two separate uses, restaurant and retail sales, without adequate lot size under the zoning ordinance. The cease-and-desist order alleged that Newton Enterprises was conducting three separate uses, again on a lot that was too small. By failing to appeal these determinations, Newton Enterprises is bound by them.

Newton Enterprises' application to the zoning board asked for action of that board, not the zoning administrator, pursuant to sections of the zoning ordinance that allowed the board to approve alteration, expansion or enlargement of a preexisting, nonconforming use or change of such use. See Fairlee Zoning Ordinance § 4.7(a), (b). Newton Enterprises necessarily accepted as a starting point that it was in violation of the zoning ordinance, but asked for zoning board action to come into compliance. Although it was not the route to compliance suggested by the zoning administrator, the zoning board apparently found it appropriate, but the vote denied the approval on the merits. In any event, it did not directly or indirectly challenge the decisions of the zoning administrator. Neither § 4472(d) nor the decisions in *Richmond* or *Colehamer* prevented the zoning board or the environmental court from granting approval that would bring Newton Enterprises' uses into compliance with the zoning ordinance.

The Town next argues that it is inappropriate to apply the automatic approval remedy to these facts and that, in any event, Newton Enterprises is foreclosed from using its new permit to defend against the Town's injunction request. Newton Enterprises argues that the case is controlled by *In re 66 North Main Street*, 145 Vt. 1, 481 A.2d 1053 (1984), and the environmental court correctly ruled that it is entitled to a permit by application of law and the permit is a defense to the injunction request.

Central to the environmental court decision is its conclusion that the zoning board vote was ineffective. This conclusion is based on 24

V.S.A. § 4462(a), which governs zoning board procedure and provides in part:

> For the conduct of any hearing and the taking of any action, a quorum shall be not less than a majority of the members of the board, and any action thereof shall be taken by the concurrence of a majority of the board.

See also 1 V.S.A. § 172 ("When joint authority is given to three or more . . . a majority of such number . . . shall be required in its exercise."). In *66 North Main Street*, we held that when two of five members of a zoning board voted to deny a variance, at a meeting where only three members of the board were present, the decision "'was patently defective under the statute.'" 145 Vt. at 3, 481 A.2d at 1055 (quoting *City of Winooski v. Barnes*, 142 Vt. 27, 30, 451 A.2d 1140, 1141 (1982)); see also *In re Lionni*, 160 Vt. 625, 626, 648 A.2d 832, 833 (1993) (planning commission may not act through vote of less than a majority even where it has adopted a bylaw authorizing such action). Based on *66 North Main Street*, the environmental court held that the vote to deny Newton Enterprises a permit to modify its uses was likewise defective because a majority of the board did not join in it.

Relying again on *66 North Main Street*, the environmental court then applied 24 V.S.A. § 4470(a), which requires the zoning board to "render a decision, within 45 days after hearing." 145 Vt. at 3, 481 A.2d at 1055. The court further noted that § 4470(a) goes on to provide a consequence for failure to act within the time limit:

> If the board does not render its decision within the period prescribed by this chapter, the board shall be deemed to have rendered a decision in favor of the appellant and granted the relief requested by him on the last day of such period.

*Id.* The environmental court applied this provision and held that Newton Enterprises' permit was deemed approved because the board failed to act within the statutory period.

We acknowledge, as Newton Enterprises argues, that the environmental court's decision follows our holding in *66 North Main Street*, but agree with the Town that the result carries the deemed approval remedy well beyond its intended purpose. In this case, Newton Enterprises applied for zoning board approval to alter, expand or enlarge its nonconforming uses or to change them. Thus, a majority

of the board had to vote for its proposal for Newton Enterprises to receive a permit. Yet, the vote that occurred, albeit defective, showed that Newton Enterprises could never obtain the requisite number of votes. Of the five members present on the zoning board, three members voted against Newton Enterprises' proposal and one recused himself because of a conflict of interest. Even if the two absent members had been present and had voted for Newton Enterprises, the final vote would have been a tie with neither side receiving the requisite majority.

In recent decisions, we have cautioned against using the deemed approval remedy beyond its purpose "to remedy [zoning board] indecision and protracted deliberations." *In re Fish*, 150 Vt. 462, 464, 554 A.2d 256, 258 (1988); see also *Hinsdale v. Village of Essex Junction*, 153 Vt. 618, 623-24, 572 A.2d 925, 928 (1990). We must balance this purpose against the paramount obligation to protect the safety and general welfare of the public. See *Leo's Motors, Inc. v. Town of Manchester*, 158 Vt. 561, 564, 613 A.2d 196, 199 (1992); *City of Rutland v. McDonald's Corp.*, 146 Vt. 324, 330, 503 A.2d 1138, 1142 (1985). Thus, we recognize that improper application of the deemed approval remedy can operate to grant permits wholly at odds with the zoning ordinance. See *In re Knapp*, 152 Vt. 59, 65, 564 A.2d 1064, 1067 (1989). Because of that consequence, we have strictly construed the remedy to apply only when it clearly implements the statutory purpose.

Application of the deemed approval remedy in this case produces a perverse result unrelated to the statutory purpose. Instead of remedying indecision or excessive deliberation, the granting of the permit turns a negative decision into a positive one with no finding that the landowner meets the requirements of the zoning ordinance. Thus, the landowner, who does not have the requisite votes to obtain the necessary board approval, receives a permit by operation of law. We doubt the situation here is unique. Recusals are probably common in small towns and would have the same effect in many cases. As our recent decisions make clear, we will not apply the deemed approval remedy in this wooden fashion. See *Leo's Motors, Inc.*, 158 Vt. at 565, 613 A.2d at 199; *Nash v. Warren Zoning Bd. of Adjustment*, 153 Vt. 108, 115, 569 A.2d 447, 451-52 (1989).

■ The governing statute, 24 V.S.A. § 4470(a), requires the board to render a decision within forty-five days after completing the hearing on the application. We hold that the board has rendered its decision when it issues a written decision and the votes are sufficient

that the outcome could not change by the involvement of other members of the board. See *In re White*, 155 Vt. 612, 616, 587 A.2d 928, 930 (1990) (decision is "rendered" under § 4470(a) when board makes a decision and communicates it to landowner even though decision does not fully comply with the statute).[2] To the extent that the decision in *66 North Main Street* is to the contrary, it is overruled.

In this case, the board rendered its decision on August 5, 1996, only four days after the completion of the hearing. Therefore, Newton Enterprises is not entitled to a permit by operation of law, and the court should have reached the merits of the dispute before it.

*Reversed and remanded.*

---

[2]We do not reach the circumstances where the requisite number of members do not vote for the action taken, but a contrary decision might be reached after a later hearing.