STATE OF VERMONT

ENVIRONMENTAL COURT

}
In re: Appeal of                                          }
 Joe Handy, d/b/a                                     }                Docket No. 25-2-00 Vtec
  Sisters and Brothers Investment Group, LLP  }
                                                                  }

Decision and Order on Motion for Partial Summary Judgment

Appellant appealed from a January 13, 2000 decision of the Selectboard of the Town of Williston. Appellant is represented by David H. Greenberg, Esq.; the Town is represented by Paul S. Gillies, Esq. Appellant has moved for summary judgment, arguing that the conditional use amendment should be granted by the "deemed approval" provisions of 24 V.S.A. §4470(a).

In 1995, Appellant obtained conditional use approval of a project to construct a convenience store with gasoline pumps, with retail space and office uses in a 9,000 square foot building. In 1996, Appellant obtained approval from the Planning Commission of a site plan for the project, which showed that the rear 3,000 square feet of the building would be used for office space. The Planning Commission's site plan approval decision required that "any change from office use on the drawing [site plan] shall require the application to return for approval."

On September 23, 1997, Appellant applied to the Planning Commission for an amendment of the site plan from office use to retail. The Planning Commission denied the request, and Appellant's appeal of that denial appears to have been dismissed[1] by this Court without decision on March 12, 1998.

In November of 1997, the Town of Williston had adopted interim zoning bylaws, which prohibit retail use in the C1 district, except as approved by the Selectboard under 24

_____

[1] The parties have not provided that decision, but the Selectboard decision alludes to it.

1

V.S.A. §4410. Under §§4410(d) and (e), when interim zoning is in place, the Selectboard may authorize permits for "any type of land development not otherwise permitted" by the interim zoning bylaw, after making the findings contained in §4410(e). Under §4443(d) (formerly §4443(c)), the zoning administrator is precluded from issuing any permit with regard to the interim zoning bylaw except with the written consent of the Selectboard.

In several cases brought within the past four years during the pendency of interim bylaws, beginning with In re Appeal of Wilkens, Docket No. E96-051 (Vt. Envtl. Ct., August 23, 1996), the parties have assumed that the Selectboard acts in the place of and under the authority of a zoning board of adjustment in performing these functions.[2] That question has not yet been resolved.

In the present case, despite the fact that the amendment requirement was a condition imposed by the Planning Commission in its site plan approval, and not by the Zoning Board of Adjustment in conditional use approval, Appellant applied at some time[3] in the fall of 1999 to the Williston Selectboard for conditional use approval for retail use of the vacant 3,000 square feet in the rear of the building. The application discusses the original site plan application in detail.

---

[2] Litigants have also assumed that an appeal from such Selectboard decisions is to the Vermont Environmental Court. Both issues may be addressed in any of the following appeals now pending in the Vermont Supreme Court: Appeal of Handy, Supreme Court Docket No. 1998-15; Appeal of Jolley Assoc., Supreme Court Docket No. 1998-16; Appeal of Taft Corners Assoc., Supreme Court Docket No. 1999-431.

[3] The application is undated.

Following a public hearing held on November 18, 1999, the Selectboard on January 13, 2000[4] issued an approximately 3-page written decision denying "the requested amendment to the Site Plan." The decision contains extensive findings of fact and conclusions of law. The Selectboard concluded that an "initial consideration is the propriety of an amendment of the existing Site Plan Approval, which mandates office use for the rear 3,000 square feet of the existing building." The Selectboard concluded that Appellant had to "justify the amendment by a showing of some unforseen and changed circumstances." The Selectboard discussed and denied the site plan amendment, but did not also explicitly state that the result of the denial of the site plan amendment was necessarily to deny the conditional use application which depended on it.

Appellant argues that the Selectboard failed to act at all on its application for conditional use approval, and that therefore the "deemed approval" remedies of 24 V.S.A. §4470(a) should be applied to give Appellant the conditional use approval it seeks.

First, Vermont's Municipal and Regional Planning and Development Act, 24 V.S.A. Chapter 117, contains the following distinct "deemed approval" provisions. Section 4407(2) requires a board of adjustment or a development review board to act on conditional use approval within 60 days of the final public hearing. Section 4407(5) requires a planning commission or a development review board to act on site plan approval within 60 days of the submission of the application. Section 4415 requires a planning commission or a development review board to act on subdivision applications within 45 days of the final public hearing. Section 4464(a) requires a zoning administrator to act on permit applications within 30 days of the submission of the application. Section 4470(a) requires a board of adjustment or a development review board to act on appeals to it from decisions issued by the zoning administrator under §4464(a) or for variances under §4468 within 45 days of the close of the hearing.

None of these sections applies by its terms to an action taken by a Selectboard under §4410(d) and (e) or §4443(d). None of those sections contains a "deemed

---

[4] That is, 56 days later.

3

approval" remedy. Therefore, even if the Selectboard had failed to issue a decision at all, that is, had engaged in the behavior for which the other deemed approval provisions give a remedy, those sections are strictly construed. In re Appeal of Newton Enterprises, 167 Vt. 459, 465 (1998). Deemed approval is simply not available as a remedy for Selectboard delay under any provision of 24 V.S.A. Chapter 117.

Moreover, Appellant cites only 24 V.S.A. §4470(a), which does not apply to applications for conditional use approval. Rather, if we were to apply the conditional use "deemed approval" provision to this action of the Selectboard, we would apply §4407(2), which allows 60 days for a decision. The Selectboard's decision was timely under this provision, if its decision can be read in any way as addressing the conditional use application. Appellant argues that the decision did not specifically rule on or deny conditional use approval, and therefore was not timely. However, the Supreme Court has clearly stated that deemed approval is a remedy only for the failure to produce a decision, not for a decision which is argued to be defective in some way. See Newton Enterprises, 167 Vt. at 465.

Further, although Appellant applied on a form denominated "Interim Zoning - Conditional Use Application," the condition requiring amendment appears to have been contained in its 1996 site plan approval, not[5] in its 1995 conditional use approval. At the very least, amendment to the site plan approval was, as the Selectboard correctly noted, a prerequisite to its consideration of any amendment to the conditional use approval. Accordingly, if it was within the Selectboard's authority[6] under §4443(c) (instead of remaining with the Planning Commission) to consider amendment to site plan approval conditions during the pendency of an interim zoning regulation, the deemed approval time period for site plan approval is 60 days and did not expire before the decision was issued.

---

[5] This decision has not been provided in connection with the pending motion; therefore the Court cannot ascertain its conditions.

[6] An issue which is not before the Court in this motion and which we do not now decide.

4

Accordingly, based on the foregoing, Appellant's Motion for Summary Judgment is DENIED and summary judgment is entered for the Town on the issue of deemed approval. This matter is already set to be heard on the merits on August 24, 2000 at the Costello Courthouse on Cherry Street in Burlington, beginning at 1:00 p.m., with a site visit to take place at the close of the hearing. However, based on the motion memoranda, it is not clear to the Court whether the parties agree as to what application is before the Court: amendment of the site plan approval condition requiring office use of the rear 3,000 square feet, or application for conditional use approval of that retail use, or both. Therefore, on or before August 7, 2000, the parties shall file with the Court their positions on what application is before the Environmental Court, and whether they wish to postpone the scheduled hearing until the Supreme Court rules in any of the other pending cases on whether the Environmental Court has jurisdiction of an appeal from a Selectboard decision issued under §4443(d). Any responsive memoranda shall be filed so they are received at the Court on or before August 15, 2000, as the Court expects to address them on August 16, 2000, a state holiday on which the Court offices will be closed.

Done at Barre, Vermont, this 17th day of July, 2000.

_____
Merideth Wright
Environmental Judge

5