STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Thaddeus R.     }
Lorentz and David H. Nelson      }
                                 }    Docket No. 120-6-00 Vtec
                                 }
                                 }

<u>Decision and Order on Cross-Motions for Summary Judgment</u>

Appellants appealed from a decision of the Planning Commission of the City of Burlington granting them a Certificate of Appropriateness with conditions for their proposed mini-storage facility. Appellants are represented by Stephanie A. Lorentz, Esq.; the City is represented by Kimberlee J. Sturtevant, Esq. Interested persons Carolyn L. Bates, Marcia L. Mason, and Lynn Goldman have appeared and represent themselves, but have not filed a cross-appeal. Appellants and the City have each moved for summary judgment.

The following facts are undisputed unless otherwise noted.

Appellants obtained conditional use approval from the then-Zoning Board of Adjustment (ZBA) to construct and operate a mini-storage facility, a permitted use, at 199 Flynn Avenue in the Enterprise zoning district. That approval was not appealed and has become final.

The property contains a Class III wetland and was therefore subject to review as a Major Impact Development pursuant to Article 13 of the Zoning Ordinance. It is also in the Design Review overlay zoning district. Accordingly, it required a Certificate of Appropriateness from the then-Planning Commission under Article 6 (Design Review) and Article 7(Site Plan Review). Appellants appealed from conditions imposed by the Planning Commission in the Certificate of Appropriateness.

The property previously was used as a bulk fueling terminal and is included on the Vermont Department of Environmental Conservation's list of active sites due to the presence of petroleum-contaminated soils. The property is adjacent to a Waterfront Residential Low Density zoning district.

Appellants set forth two questions in their Statement of Questions, each containing several subparts related to the various contested conditions. The first question asks the Court to determine that the Planning Commission, and hence this Court in the <u>de novo</u> appeal, lacks authority to impose conditions on Appellants' project beyond the minimum requirement of the Zoning Ordinance.

As to all the conditions contested in Question 1 of the Statement of Questions, except for the release-of-liability condition raised in Question 1(i), the Zoning Ordinance gives authority to the Planning Commission, and hence this Court in this appeal, to impose conditions beyond the

minimum standards imposed in the Zoning Ordinance, if necessary to meet either the Design Review standards of Article 6 or the Site Plan Review standards of Article 7. Material facts are in dispute, and will presumably be the subject of the hearing on the merits, as to whether the plans proposed in the application, or the conditions imposed by the Planning Commission, or some other conditions, are reasonable and necessary to meet the design review and site plan approval standards of the ordinance. Evidence may also be presented to resolve disputed material facts as to the characteristics of other neighboring buildings, as to the location and distribution of other uses in the vicinity, as to the site coverage of the proposed project, as to which proposal the applicant is making to the Court, or any other disputed aspects of the proposal. Accordingly, Appellants' Motion for Summary Judgment is DENIED and the City's Motion for Summary Judgment is GRANTED: the Court has authority in the de novo appeal to consider the conditions raised in Question 1(a) through Question 1(h).

As to the release-of-liability condition raised in Question 1(i), while it may be prudent on the part of the City to make its own disclaimer that the grant of permits does not make the City liable for contaminated property, the Court cannot find any authority in the Zoning Ordinance or the state zoning enabling act to warrant requiring a release of liability as a condition of an applicant's being issued a zoning permit. Accordingly, Appellants' Motion for Summary Judgment is GRANTED and the City's Motion for Summary Judgment is DENIED: there is no authority for the imposition of the release-of-liability condition.

The second question is the Statement of Questions asks the Court to determine that certain of the conditions are impermissibly vague, such as the requirement that the structures shall have " appropriately" sized trim, and that the requirement that these details be submitted for " review and approval by staff" is an unlawful delegation of the Planning Commission's authority to the staff of the department. Appellants argue that they should receive a permit without the challenged conditions as a so-called " deemed approval" remedy.

This " deemed approval" remedy is disfavored, as it may result in approvals contrary to a municipality's zoning regulations and to the state zoning enabling act. The Vermont Supreme Court has reiterated that the deemed approval remedy should only be used to cure " indecision and protracted deliberations" on the part of the municipal body. In re Appeal of Newton Enterprises, 167 Vt. 459, 465 (1998). In the present case, the Planning Commission did issue a timely decision, and the deemed approval remedy is inapplicable. The contested conditions requiring later " review and approval" by the staff are before the Court de novo. Accordingly, Appellants' Motion for Summary Judgment is DENIED on the question of deemed approval of the proposal without the conditions contested in Question 2 of the Statement of Questions.

Appellants may be correct that a condition requiring later approval of details of a proposal by the staff is an unlawful delegation of authority from the deliberative body, even with a provision allowing remand in the event of a dispute. Section 4.2.10 allow the Planning Commission to authorize the Zoning Administrator to review and approve zoning permits, but it does not give the Zoning Administrator the authority to vary or amend the conditions of a Certificate of Appropriateness required to be issued by the Planning Commission. A deliberative body, faced with an inadequately-detailed application and a statutory deadline for making a decision, has authority to deny or table the application as incomplete, until the details are supplied sufficient to

allow it to rule. The City's practice of allowing the details to be submitted later, and for the application to return to the Planning Commission in case of later disputes, is a reasonable approach, but one that may not be able to be imposed unilaterally on an unwilling applicant. Accordingly, the City's Motion for Summary Judgment regarding Question 2 of the Statement of Questions is also DENIED.

This appeal must proceed to a hearing on the merits of the application for site plan approval and design review. We note for the guidance of the parties that, as no cross-appeal was filed, the issues before the Court will be limited to the conditions contested by the Appellants. We will hold a telephone conference on May 4, 2001, to discuss the scheduling of this matter; as agreed in an earlier in-person conference, the three interested parties will participate from one telephone. Please inform the Court of the telephone number where you wish to be reached for the conference call, which will be placed by the Court.

Done at Barre, Vermont, this 19th day of April, 2001.

_____
Merideth Wright
Environmental Judge