STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of George and          }
Barbara Stokes                       }
                                     }   Docket No. 169-8-00 Vtec
                                     }
                                     }


Decision and Order on Motion for Summary Judgment

Appellants George and Barbara Stokes appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Colchester denying their request for a variance from the minimum frontage requirement. Appellants are represented by Richard A. Spokes, Esq., and by Appellant George P. Stokes, Esq.; the Town is represented by Richard C. Whittlesey, Esq. Appellants have moved for partial summary judgment on Questions 1 and 3 of the Statement of Questions: (1) whether the dimensional variance was deemed granted due to the ZBA 's failure to ' render a lawful decision;' and (3) whether a variance is necessary for approval of a subdivision already approved by the Planning Commission.

The following facts are undisputed unless otherwise noted.

Appellants own a .72-acre lot in the Residential-3 zoning district, with 195.6 feet of frontage on Colchester Point Road (also referred to in the documents as Airport Road). It is a so-called ' through' lot with frontage also on Broadlake Road, a private road. Appellants have received subdivision approval to divide the lot into two lots, each with complying lot area. Lot 1 contains .35 acres and has 95.6 feet of frontage on Colchester Point Road and 100 feet of frontage on Broadlake Road. It contains an existing garage with a driveway onto Broadlake Road, across Broadlake Road from Appellants' house on another parcel. Lot 2 contains .37 acres and has 100 feet of frontage on Colchester Point Road and 80.16 feet of frontage on Broadlake Road. It contains an existing house with a driveway access onto[1] Colchester Point Road.

The minimum frontage requirement in this zoning district is 100 feet. The parties have not provided the Zoning Regulations from which the Court could determine how the frontage requirement is calculated for a through lot. Lot 2 complies with the frontage requirement on Colchester Point Road. Lot 1 lacks 4.4 feet of the required frontage on Colchester Point Road, but has 100 feet of frontage on Broadlake Road, the private road.

In 1988, Appellants had received a variance from the minimum frontage requirement in anticipation of the identical subdivision, which was also approved in 1988. However, both the variance and the town subdivision approval expired while Appellants were working on obtaining State subdivision approval. Appellants returned to the Planning Commission and received renewed subdivision approval on April 4, 2000. The Planning Commission's 1988 decision

referred to the dimensional variance as satisfying § 505 of the Subdivision Regulations; the Planning Commission's 2000 decision does not appear to refer to whether a frontage variance is required. Nevertheless, Appellants again applied to the ZBA for the frontage variance, which was denied by vote on June 21, 2000, after discussion on June 7, 2000; the written decision was issued on July 13, 2000.

The minutes of the June 7, 2000 ZBA meeting and the written decision reflect that although the sole variance requested was a variance from the frontage requirements for Lot 1, the ZBA did not make any findings nor did it engage in any discussion of the five variance criteria with respect to the 4.4 feet of frontage. Rather, the ZBA appears to have based its decision on a memorandum from the building and septic inspector, which memorandum stated in full as follows:

Colchester Sewage Regulations adopted December 28, 1999 require any new subdivision to comply with the Agency of Natural Resources, Environmental Protection Rules, Chapter 1 Small Scale Wastewater Treatment and Disposal Rules.

The November 1987 Subdivision Plan and Wastewater Disposal details prepared by Pinkham Engineering Associates, Inc. for this property, do not comply with the Rules effective today. I therefore, could not approve a Sewer System Application for the design presented.

However, the ZBA decision on appeal in the present case did not address and could not affect whether the subdivision approval already granted should have been granted. All that was before the ZBA, and hence all that is before this Court, is whether a variance from the frontage requirements for Lot 1 is necessary under the circumstances, and whether it should or should not be granted. The parties appear to have recognized this fact in their stipulation filed on February 2, 2001, in which they agreed that a variance is not required for approval of a subdivision already approved by the Planning Commission. Accordingly, Summary Judgment is GRANTED in favor of Appellants on Question 3.

Appellants also argue that the ZBA's failure to address the five variance criteria amounts to a failure to act on their application for a variance, and that therefore the variance should be deemed to be approved. This " deemed approval" remedy is disfavored, as it may result in approvals contrary to a town's zoning regulations and to the state zoning enabling act. The Vermont Supreme Court has reiterated that the deemed approval remedy should only be used to cure " indecision and protracted deliberations" on the part of the ZBA. In re Appeal of Newton Enterprises, 167 Vt. 459, 465 (1998). In the present case, the ZBA did issue a timely decision, and the deemed approval remedy is inapplicable. Accordingly, Summary Judgment is DENIED to Appellants and GRANTED in favor of the Town on Question 1.

The remainder of the appeal should be set for a hearing on the merits of the variance, unless the parties wish to address whether a variance is required at all for Lot 1 if its entrance will remain on the private road with 100 feet of frontage and if no additional construction is proposed for the lot. We will schedule a telephone conference with Attorneys Spokes and Whittlesey on May 4, 2001, to discuss that legal issue and the scheduling of this matter for that hearing. Please inform

the Court in advance of that date if Attorney-Appellant Stokes also wishes to participate in that conference.

Done at Barre, Vermont, this 16th day of April, 2001.

_____
Merideth Wright
Environmental Judge

**Footnotes**

1.      The subdivision approval states that the driveway access to both properties is off Broadlake Road, but the plan shows a driveway on Colchester Point Road, and no driveway onto Broadlake Road for Lot 2. The location of the access for Lots 1 and 2 thus appears to be a disputed fact; however, without the Zoning Regulations, the Court cannot determine whether it is material to whether a variance is required.