STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of John R. Giroux    }
                                   }
                                   }    Docket No. 243-10-00 Vtec
                                   }
                                   }


Decision and Order on the Town= s Motion for Summary Judgment

Appellant John Giroux appealed from a September 14, 2000 decision of the Zoning Board of Adjustment (ZBA) of the Town of Starksboro, denying his December 1999 request that the ZBA reconsider its March 1998 denial of his appeal from a Notice of Violation. Appellant appeared and represented himself; the Town is represented by James W. Runcie, Esq.; interested person Daniel Leonard also entered an appearance on his own behalf but has not taken an active role in the briefing of this motion. The Town moved for summary judgment and that the appeal be dismissed.

The following facts are undisputed unless otherwise noted.

The Zoning Administrator issued a Notice of Violation to Appellant in November of 1997, stating that a mobile home placed on the lot to replace a preexisting camp had been placed so as to increase the degree of nonconformity of the preexisting camp with the setback requirements. The Notice of Violation directed him to move it to be in compliance with the 20-foot side setback requirements and the front setback requirements of 75 feet from the centerline of the road. Appellant appealed the Notice of Violation to the ZBA, which upheld it in March of 1998. He did not appeal the ZBA= s 1998 decision, which became final and is not at issue before this Court.

We must note for the parties that no enforcement case has been filed to have the mobile home moved. It is entirely possible that Appellant has cured or can cure the violation by his purchase of additional land or by his settling of the correct boundary either by agreement with his neighbors or by filing a quiet title action in Superior court. Indeed, this Court postponed the proceedings on the present appeal to allow him to take such action. As the Court has explained to Appellant in a number of the pretrial conferences, the correct location of Appellant= s boundaries are not before this Court in this case. All that is before this Court in this appeal is whether the ZBA should have reconsidered the merits of its 1998 decision on the 1997 Notice of Violation.

In December of 1999, Appellant requested the ZBA to reopen its 1998 decision, to allow Appellant to present additional evidence showing a different location for the property line than had formed the basis for the Notice of Violation, and also to present evidence on a proposed

purchase of land to correct the violation on the east side of the property. The ZBA held a hearing in February 2000 at which it agreed to reopen[1] the 1998 decision, and scheduled a hearing in March 2000 for the presentation of evidence. After the March 2000 hearing, the ZBA requested that Appellant submit evidence from the surveyor that the boundary discrepancy had been resolved. A hearing was set for May 4, 2000. At the resumed hearing, Appellant telephoned in a request for an extension; the hearing was rescheduled for May 18, 2000. At the resumed hearing on May 18, 2000, the ZBA received a written note from Appellant stating that the surveyor had not completed his work, and requesting that the hearing be extended at least two weeks. The ZBA granted Appellant one last extension, scheduling the hearing for August 3, 2000, and warning him that no further extensions would be granted. Appellant did not appear, did not submit evidence, and did not call with an explanation. Based upon Appellant= s failure to present evidence to the ZBA at that scheduled hearing, the ZBA denied his request to reconsider the merits of its 1998 decision upholding the Notice of Violation.

As the ZBA in fact granted Appellant= s request to reopen the 1998 decision to take new evidence, we must deny the Town= s motion for summary judgment that the request to <u>reopen</u> the decision was properly denied. Rather, the issue on summary judgment is whether the ZBA properly denied Appellant= s request to reconsider the merits of its 1998 decision upholding the Notice of Violation.

Based upon the undisputed facts, at the time of the ZBA= s September 2000 decision at issue in the present appeal, Appellant had failed to attend an August 3, 2000 hearing and had failed to present the surveyor= s evidence to support his request to alter the Notice of Violation, after having been warned that the August 3, 2000 hearing was his last extension. Based upon those uncontested procedural facts, the Town= s Motion for Summary Judgment is GRANTED. The ZBA was more than reasonable in the number of extensions it granted for the presentation of the new evidence; Appellants= failure to appear at the August 3, 2000 hearing warranted the ZBA= s September 2000 decision not to reconsider the merits of its 1998 decision upholding the Notice of Violation.

However, we must emphasize for the parties that Appellant is free to request a ruling from the Zoning Administrator as to whether his property is <u>now</u> in compliance with the setback requirements of the Zoning Regulations. If he has purchased sufficient additional property or has resolved the boundary location so as to be able to demonstrate its current compliance, then the Town may not intend to pursue any action for injunctive relief or penalties based on the 1997 Notice of Violation. Regardless of whether a landowner has failed to appeal from a notice of violation, the landowner is always free to take action to bring property into compliance. See, <u>In re Appeal of Newton Enterprises</u>, 167 Vt. 459, 462-63(1998).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town= s Motion for Summary Judgment is GRANTED and this appeal is hereby DISMISSED without prejudice.

Done at Barre, Vermont, this 15th day of October, 2001.

_____
Merideth Wright
Environmental Judge

---

## Footnotes

[1.] The first and sixth paragraphs of the ZBA's September 14, 2000 decision states that it "reopened" the 1998 decision.