**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of Rawlings }
}
} Docket No. 37-3-03
} Vtec
}
}

Decision and Order on Motion for Summary Judgment

Appellant Margaret Rawlings appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Pittsford. Appellant has appealed the denial of a conditional use permit for a change to a nonconforming structure. No other parties have entered an appearance, and the merits of the application have been submitted by summary judgment. Appellant is represented by William J. Bloomer, Esq.

Appellant applied to replace the roof on her preexisting garage, which encroaches into the rear and one side setback, without changing the footprint of the building. The proposal would raise the garage roof to be 16 feet high in the front, sloping to 14 feet high in the rear (providing an increased storage area within the garage but not changing the use of the garage), would change the type and orientation of the roof from a peak roof to a shed roof draining towards the rear of the property, and would install a wall and drainage improvements to keep drainage from the new roof from encroaching upon the neighboring property.

The hearing was held on August 27, 2002 but the decision was not issued until February 10, 2003. As Appellant has made a direct appeal of the decision, she is entitled to argue that the application should be deemed to have been approved as of 60 days from the close of the hearing on August 27, 2002. In re Appeal of Ashline, 14 Vt.L.Week 114 (March 28, 2003). No party has presented any evidence or argument that would remove this sequence of events from the application of the deemed approval remedy. There is no indication of a reason or justification for the ZBA= s delay beyond the 60-day period. Therefore, Appellant is correct that her application should be deemed to be approved.

Moreover, Appellant= s application appears to meet the requirements of ' ' 3.8.3 and 2.12.1 of the zoning regulations for approval, taking into account the drainage improvements to protect the neighboring property. That is, this deemed approval will not result in the grant of a permit wholly at odds with the zoning ordinance. Appeal of Newton Enterprises, Inc., 167 Vt. 459, 465 (1988). It creates no greater nuisance or detriment than the existing roof. Despite the increase in height, most of the increased height appears to be in the front and outside of the setbacks; that is, the volume of the garage within the setbacks appears to be roughly the same as with the prior roof configuration, although it is not possible to make the necessary calculations without evidence as to the height of the peak of the existing peaked roof. The appearance of the proposal fits within the character of the area.

Accordingly, Appellant= s Motion for Summary Judgment is GRANTED and JUDGMENT is hereby ENTERED for APPELLANT, granting her conditional use application to raise the garage roof, change its drainage orientation, and install a wall and drainage improvements to keep drainage from the new roof from encroaching upon the neighboring property. This decision and order concludes this appeal.

Done at Barre, Vermont, this 26th day of June, 2003.

_____
Merideth Wright
Environmental Judge