**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of County of Windsor }
}
}     Docket No. 155-9-03 Vtec
}
}

Decision and Order on Cross-Motions for Summary Judgment

Appellant-Applicant County of Windsor appealed from a decision of the Planning Commission of the Village of Woodstock on which the Planning Commission voted on August 13, 2003, and issued its decision in writing on August 25, 2003. Appellant-Applicant is represented by Martha M. Davis, Esq.; Appellee Village is represented by Emily S. Davis, Esq., and Todd C. Steadman, Esq.

The parties have each moved for summary judgment on whether the contested design approval decision was deemed to have been approved. The parties were given the opportunity to respond to each other's motions but declined to do so. The following facts are undisputed unless otherwise noted.

On April 29, 2003, the County applied for approval to add a 525-square-foot handicapped ramp and steps, to modify sidewalks and landscaping, and to install an air conditioning compressor at the building being renovated for use for the sheriff and probate court, at 62 Pleasant Street in the Light Commercial zoning district and the East End Design Review overlay zoning district of the Village of Woodstock. The application was characterized as an application for "Design Review Approval[1]" in a single notice of hearing for both the Village Design Review Board (for May 21, 2003) and for the Woodstock Planning Commission (for July 13, 2003[2]). The Zoning Regulations require that alterations of the exterior features of a building in the East End Design Review District require approval under § 406.

The procedures in § 406(D)(2) provide that the Design Review Board must meet within 21 days after a completed application is filed, that the Design Review Board's meeting may be continued by mutual consent of the applicant and the Board, that the applicant must receive a copy of the Design Review Board's recommendation, and that the applicant and abutters must be notified by mail at least three business days before[3] the Planning Commission's review of the proposal. The Planning Commission is required to review the proposal within 21 days of the Design Review Board's recommendation. No sanctions in the nature of deemed approval are provided for violation of these time frames, either in § 406(D)(2) or in the state enabling statute, 24 V.S.A. § 4407(6).

In fact, the Planning Commission took up the application at its May 28, 2003 meeting. The County's architect, Mr. Vansant, and both assistant judges, Mr. Boardman and Mr. Cooper, were present and spoke on behalf of the application at the meeting. All but one of the Planning Commission members had also attended a "Design Review site visit" in the afternoon of that day.

In § 406(D)(3), the regulations require the Planning Commission, after reviewing the report of the Design Review Board and receiving comments from the applicant and from the Design Review Board, to issue a written decision granting or denying the application for Design Plan Approval. Section 406(D)(3) requires the Planning Commission to render its decision within 30 days from the "close of testimony," and § 406(D)(4) provides a deemed-approval ("automatic approval") sanction for failure of the Planning Commission to issue its decision "within the time and in the manner so specified."

As reflected in the minutes[4] of the May 28, 2003, meeting, the Planning Commission did vote the testimony closed, but then the minutes state: "[d]uring deliberations testimony was reopened and continued to allow the designer to redesign the ramp to better meet the recommendation of the Design Review Board." The minutes go on to state the specific requests of four of the five Planning Commission members regarding the redesign effort, and the unanimous vote of the members on the record to continue the hearing "to allow the architect time to redesign the ramp so that it addresses the concerns" stated in the Design Review Board's recommendation.

We have not been provided with any of the notices for the June 11, 2003; June 25, 2003; or July 9, 2003 Planning Commission meetings, nor whether the applicant was provided with any written notice[5] that the ramp would be on the agenda of any of those meetings. Neither of the Assistant Judges nor the architect was present for any of those meetings. The minutes of the continued hearings on June 11, 2003, and June 25, 2003 state in identical language that "both the architect and the court officials asked for more time to redesign the ramp," and that "the hearing was continued [again] to next meeting." However, the minutes of the continued hearing on July 9, 2003, make it clear that the request on the part of the architect and the court officials for more time to redesign the ramp had only been made once, at the May 28, 2003 meeting, and that the three meetings had gone by "without word from" the Assistant Judges. As the architect was not present, we must infer that the statement in the minutes that "the architect noted in recent phone calls that a new design had not yet been requested" was a statement from the Town Planner or other town official reporting on the architect's statements.

The July 9, 2003 minutes show that the Commission requested the Town Planner to send a letter to the Assistant Judges "as to whether they have additional testimony to offer or if testimony should be considered closed," and noted that the Commission was aware of the thirty-day time limit "to make a decision once testimony is voted closed." The hearing was again continued to the next meeting. The letter was sent on July 11, 2003. At the July 23, 2003 meeting again neither of the Assistant Judges nor the architect was present. The hearing was again continued to the next meeting.

At the August 13, 2003 meeting a letter from Attorney Martha Davis on behalf of the applicant was read aloud. That letter has not been provided to the Court by either party, but it is apparent

from the minutes of the August 13, 2003 meeting that the Applicant asserted in the letter that the testimony had closed at the initial meeting and the application should be deemed to be approved. The Planning Commission voted to close the testimony at the August 13, 2003 meeting, and later in that meeting voted to deny the application. The written decision was issued on August 25, 2003, within the required thirty-day time limit if measured from the August 13, 2003 meeting, but not if measured from the May 28, 2003 meeting.

First, we note that the statutory deemed-approval remedy applicable to Planning Commissions regarding their action on site plan applications, 24 V.S.A. § 4407(5), is not applicable to the Design Review process authorized by 24 V.S.A. § 4407(6), which has no deemed-approval provision. Rather, the only deemed-approval remedy available to an applicant for Design Review Approval is that in § 406(D)(4) of the zoning regulations. That time period is measured from the "close of testimony."

Further, the provision for continuing the meeting "upon mutual consent" in § 406(D)(2) applies only to the Design Review Board's meeting and not to the Planning Commission's hearing on the Design Review application. The Planning Commission is free to continue a hearing from one meeting to another, without consent of the applicant, and without triggering the automatic approval remedy, as long as the testimony has not closed.

On May 28, 2003, the Planning Commission first voted to close testimony. However, at the same hearing, during its deliberations, the Planning Commission voted unanimously to reopen testimony so that the Applicant would have the opportunity it had requested at that hearing to redesign the project in light of the Design Review Board's recommendation that the application be denied, and, presumably, also in light of the Planning Commission members' reservations about the design, expressed in the public part of the May 28, 2003 meeting.

As we have noted in a similar case, Appeal of Stonybrook Condominium Homeowners' Assn., Docket No. 14-1-02 Vtec (Vt. Envtl. Ct., July 9, 2002), the Vermont Supreme Court has made it clear that deemed approval is only applied to remedy deliberate or negligent failure of a board or commission to render a decision. See, e.g., Appeal of Newton Enterprises, 167 Vt. 459 (1998); Hinsdale v. Village of Essex Junction, 153 Vt. 618 (1990). As in Stonybrook, in the present case there was no inaction on the part of the Planning Commission. Rather, within the time allowed for its deliberations it voted to reopen the proceedings. Indeed, as in Stonybrook, it voted to reopen during its original deliberations, and before even having rendered an initial decision.

As we reasoned in Appeal of Dunn, Docket No. 21-1-98 Vtec (Vt. Envtl. Ct., March 8, 1999), it will avoid unnecessary remands to allow a municipal board, which realizes that it has acted on incomplete or inadequate information, or is informed of previously-unavailable evidence, to reopen the initial proceeding if such a procedure may result in a sounder decision, so long as the reopening works no prejudice on the parties and they have adequate notice of the reopened hearing. Litigants also are entitled to a reasonably prompt certainty of decision at the municipal level, so that they can act on or appeal a granted or a denied permit, as the case may be. These competing policies are reasonably balanced by allowing a board to reopen its decision only if it decides to do so prior to the expiration of the time for appeal of the original decision, if it provides the interested parties and the public with proper notice of the reopened hearing, and if it

allows all interested parties to present any additional evidence and argument at the hearing on the reopened decision. Under these conditions, there is no prejudice either to parties favoring the original decision, nor to parties intending to appeal the original decision. See, also, Appeal of Addison County Eagles, Docket No. 13-1-00 Vtec (Vt. Envtl. Ct., May 7, 2001); Appeal of Bushey and Rich, Docket No. 283-12-00 Vtec (Vt. Envtl. Ct., October 22, 2001).

However, in the present appeal, the parties have not provided information or argument on whether or when the Planning Commission notified Appellant-Applicant that the closed testimony had been reopened, and that the matter would be considered at the June 11, 2003 or the June 25, 2003, hearings. If a representative of Appellant-Applicant remained at the May 28, 2003 hearing long enough to find that out, or if the Planning Commission provided notice to Appellant-Applicant of the continued hearings, then Appellant' s Motion for Summary Judgment should be denied and the Village' s Motion for Summary Judgment should be granted. Without that information, both motions must be denied as material facts are in dispute.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that both motions for summary judgment are DENIED, without prejudice, as material facts are in dispute. The parties are free to renew their motions in advance of the hearing, together with the missing information, or may present that evidence instead at the outset of the hearing on the merits of the application. The hearing on the merits of the application will proceed as scheduled on Tuesday, March 16, 2004 at the Windsor District Courthouse in White River Junction. We will hold a telephone conference on February 3, 2004 to discuss the parties' readiness for that trial. (See enclosed notice).

Done at Barre, Vermont, this 20th day of January, 2004.


_____
Merideth Wright
Environmental Judge


**Footnotes**

1. The regulations, §406, use the term "Design Plan Approval."

2. It is not clear, given the time frames provided in §406(D)(2), which requires the Planning Commission's review of the proposal to take place within 21 days of the Design Review Board's recommendation, why the Planning Commission's meeting was noticed at all in this notice of hearing. In fact, as reflected in the Planning Commission's minutes, the Planning Commission

did not meet on this application on July 13, 2003 but did meet on July 9, 2003, on July 23, 2003, and on August 13, 2003.

3.     The last line on page 4 of the May 28, 2003 Planning Commission minutes refers to "the May 28, 2003 Design Review Notice." If the Design Review Board did indeed issue its recommendation on May 28, 2003, then the three-day notice to the applicant and abutters required by §406(D)(2) could not have been given. However, the parties do not raise any issue regarding the notice for the May 28, 2003 Planning Commission meeting.

4.     The minutes of the meeting do not show on their face when they were prepared, whether or when they were approved by the Commission, or whether or when they were made available to the public or to the Applicant; nor do the minutes reflect whether the architect or other representatives of the County remained at the hearing while the Commission went into its deliberations, or whether they were there after the testimony was reopened and continued. This fact becomes relevant to whether or when the Applicant knew or could have known that the testimony was reopened and the hearing continued.

5.     According to paragraph 23 of the August 25, 2003 decision, the Applicant's architect, Mr Vansant, was called before each of these meetings to ask him whether a redesign had been 'accomplished.'