STATE OF VERMONT

ENVIRONMENTAL COURT

```
                          }
                          }
Appeal of Nixon, et al.   }        Docket No. 21-2-05 Vtec
                          }
                          }
```

Decision and Order

This case involves a dispute over whether the Appellee-Applicants' present use of their property constituted a "change of use" that required a permit under the Fairfax Zoning Ordinance. Pending before the Court is the Appellants' Motion to Dismiss and Clarify. That Motion was preceded by this Court's Scheduling Order, in which the Court suggested that such a Motion may be appropriate, depending upon a further analysis of the action taken by the Fairfax Development Review Board ("Fairfax DRB").

In reply to the suggestions made in the Court's Scheduling Order, Appellee-Applicants' filed their "Response to Scheduling Order". The Ackermans also filed a "Response to Appellants' Motion to Dismiss and Clarify", which we are treating as a memorandum in opposition to Appellants' Motion. These filings, and the analysis in this Interim Order, were prompted by the rather unusual response from the Fairfax DRB to Appellee-Applicants' appeal of the Fairfax Zoning Administrator's notice of alleged violation. For the reasons more fully stated below, the Court finds that the action of the Fairfax DRB was a non-decision, thereby resulting in the Appellee-Applicants' appeal being deemed to be approved.

The "Findings of Fact and Order" of the Fairfax DRB are unique and confusing. The general rule established by our Supreme Court places the burden of obtaining a majority vote from a municipal zoning board upon the applicant. *See, In Re Newton Enterprises, 167 Vt. 459,*

*464-465 (1998).* This case presents facts different from those in *Newton,* however. Here, the Fairfax DRB expressly stated that it was "unable to come to a decision." The DRB went further by stating that "[t]he [B]oard is deadlocked, with no resolution."

In *Newton*, the Supreme Court suggested that when a voting indecision is caused in part by absent members, we should determine whether "the [absent] votes are sufficient" to affect the possible outcome on the pending appeal. *Id. at 465-466.* In *Newton*, the facts were such as to make it a mathematical impossibility that the ZBA vote would have gone in the applicants' favor, even if all absent members voted in favor of the appeal. The Court used this mathematical impossibility to support its conclusion that the doctrine of "deemed approval" contained in *24 V.S.A. §4470(a)* should not apply in *Newton*. *Id.*

The Fairfax DRB left the parties in this case with a situation very distinguishable from that in *Newton.* First, the Fairfax DRB specifically announced that it could not reach a decision. Second, if we are to read the inferences contained in the DRB Findings, after the announcement of "deadlock", we find that the DRB vote could have, in fact, gone in Appellee-Applicants' favor, if a full Board had participated.[1]

There seems to be little way to characterize the Fairfax DRB's action as anything other than a non-decision.

When a zoning panel fails to act upon an appeal within a 45 day period, *24 V.S.A. §4470(a)* directs that the appeal must be "deemed approved". *See also, In Re Appeal of McEwing Services, LLC, 2004 VT 53 at ¶ 18 ("[D]eemed approval occurs by operation of law . . ..").* There can be little doubt in this case that the Fairfax DRB exceeded the 45 day limit, as the final hearing on the Ackerman appeal was December 1, 2004 and, as best as we can discern, no vote was ever rendered or recorded.

Thus, we hold that *24 V.S.A. §4470(a)* dictates that the Ackermans' appeal to the Fairfax DRB in this case be deemed approved, thereby overturning the Zoning Administrator's notice of alleged violation and determination that the Ackermans' current use of their property required a change of use permit.

Because of the confusion caused by the indecision of the Fairfax DRB, Appellants filed an appeal with this Court. As a consequence of this Decision, the Fairfax DRB is deemed to have overturned the Zoning Administrator's decision, and the Appellants have timely appealed that deemed DRB decision to this Court. We therefore decline to dismiss Appellants' appeal, thereby allowing the parties the opportunity to participate in a *de novo* proceeding to determine whether to grant or deny the Ackermans' appeal of the Zoning Administrator's notice of alleged violation.

By separate Notice from this Court, a status conference shall be conducted to determine what further scheduling should be set to prepare this case for a merits hearing, unless the parties are able to bring about resolution of the case by other means. At the status conference, the parties should be prepared to discuss the utility of setting this matter for mediation, and possible merits hearing dates, should mediation prove to be unsuccessful.

Dated at Berlin, Vermont this 31st day of March, 2005.

_____
Thomas S. Durkin, Judge

---

[1] It appears from the Fairfax DRB Findings of Fact and Order dated January 13, 2005, a copy of which is attached to Appellants' Motion as *Exhibit 1,* that members Denizot, Ugro & Steen were inclined to vote against Ackermans' appeal, while members Heyer, Rainville & Conlon were inclined to "not support the Zoning Administrators [sic] Decision …[as they believe] the by-laws infringe on individual property rights . . .." No specific vote is reported in the Findings. Two further interesting facts are, however: first, the Ackermans requested (and presumably obtained;

it is not reported) recusal of "a DRB member" whose identity is also not reported.  Second, and apparently after-the-fact, member Conlon disclosed "a relationship with the Ackermans" that led her to conclude that "she probably should have recused herself."  Whether the Fairfax DRB has alternate members or a procedure for replacing members who are recused is unknown, but assuming a full Board of seven necessitates the conclusion that it was mathematically possible for the Ackermans to obtain a majority vote in favor of their appeal.