## STATE OF VERMONT
## ENVIRONMENTAL COURT

**Appeal of Wilkins Properties, LLC**                    **Docket No. 176-10-04 Vtec**

### Decision and Order on Appellant's Motion
### for Summary Judgment

Appellant Wilkins Properties, LLC appealed from the decision of the Town of Milton Development Review Board (DRB), which denied Appellant's application for Final Plat approval for a two lot subdivision of a parcel of land in the "Old Towne Residential/Commercial M5" zoning district. Now pending before this Court is Appellant's Motion for Summary Judgment. Neither the Town of Milton (Town), nor the other interested parties in this proceeding have filed memoranda in opposition to Appellant's Motion. Nonetheless, for the reasons more specifically expressed below, Appellant's Motion must be denied.

The issues raised by Appellant's Motion and Statement of Questions can be summarized into two categories. First, as shown by the Statement of Questions, Appellant alleges several procedural defects in the manner in which the DRB addressed Appellant's application, including the manner in which the DRB rendered its decision. While some or all of Appellant's criticisms of the procedure the DRB followed in this case may be true, we cannot grant summary judgment on this issue, for the following two reasons. First, as noted in more detail below, this Court has not received a copy of the DRB decision, so we cannot independently assess its sufficiency. Second, since this is a *de novo* appeal, this Court is charged with making its own determination of whether the Appellant's application is meritorious, and not whether the DRB acted improperly in rendering its decision. Any decision properly appealed to this Court provides it with the responsibility to consider the subdivision application anew. Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.) 5(g).

Appellant next argues that the actions of the DRB were so deficient as to require this Court to render the DRB decision meaningless. Appellant follows this argument by suggesting that the proper remedy, once this Court determines that the DRB decision should not be recognized, is to deem Appellant's application as approved, due to the DRB's alleged failure to render a decision within the 45-day period mandated by our Legislature in 24 V.S.A. § 4464(b)(1). This we cannot do. Our Supreme Court has cautioned that the "deemed approved'

remedy should not be used "beyond its intended purpose," which the Court defined as a "remedy [to zoning board] indecision and protracted deliberations." In re Newton Enterprises, 167 Vt. 459, 464-65 (1998) (citing In re Fish, 150 Vt. 462, 464 (1988) and Hinsdale v. Village of Essex Junction, 153 Vt. 618, 623-24 (1990)). The Supreme Court went on to caution that the deemed approved remedy should be "strictly construed . . . to apply only when it clearly implements the statutory purpose." Newton, 167 Vt. at 465. Since it is undisputed here that the DRB rendered a decision within 45 days from its hearing, it would not be appropriate for this Court to deem Appellant's application as approved by operation of law.

The main deficiency in Appellant's argument is that this Court has not been given copies of the filings below, so that it may make its own determination on the sufficiency of the DRB's decision. Given that this is a *de novo* proceeding, the Court would also need to receive copies of the then current Milton Zoning Ordinance, Appellant's application and supporting documentation, including site maps.

While V.R.C.P. 56 does not mandate that parties file affidavits to support their respective positions for or against a pending motion for summary judgment, the initial burden rests squarely with the moving party to convince a trial court that (1) the facts material to the case are not in dispute and (2) the applicable legal precedent requires that judgment be entered in their favor. Miller v. Merchants Bank, 138 Vt. 235, 237-8 (1980). While Appellant's Motion contains a section captioned "Statement of Material Facts," Appellant offers no documentation or other foundation for the factual assertions made in its Motion. An affidavit may have been sufficient; certainly the filing with this Court of its application, supporting documents, the Milton Zoning Ordinance and the DRB decision would have allowed this Court to make an independent determination of whether the Appellant's factual assertions have merit.

The Court is aware that this case has been pending for some eight months or more. It appears from an assertion in Appellant's Motion that its application may have first been submitted to the Town for review more than one year ago. We are also aware that Appellant's Motion was filed with this Court over six months ago, before the undersigned was appointed and before this Court went through some significant transformations as of January 31, 2005. We therefore have scheduled a status conference (see attached Notice of Hearing) so that the Court may determine how best to proceed with this case.

Accordingly Appellant's Motion for Summary Judgment is **DENIED,** with discretion to renew once the factual record is more complete.

Done at Berlin, Vermont, this 13th day of July, 2005

_____
Thomas S. Durkin, Environmental Judge


Date _____ copies sent to:                                                        Clerk's initials: _____

Attorney Glitman
Attorney Wilson
Jane M. Lafayette
John Sharrow
John Blatt
Stanley Richards
Sandra Richards
Sharon R. Hazen
Horace & Ann Clark
Ronald L. Stewart
Robert Lemons