STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Buck Horn Camp Change of Use Variance | } | Docket No. 170-7-06 Vtec |
| (Appeal of Cucciniello) | } | |
| | } | |

Decision and Order on Appellant-Applicant's Motion for Summary Judgment

Appellant-Applicant Robert Cucciniello appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Marlboro dated June 22, 2006, denying his application for a variance from setback requirements to allow for the conversion of a nonconforming camp to use as a guest house. Appellant is represented by Christopher M. Cady, Esq.; the Town is represented by Paul S. Gillies, Esq. Appellant has moved for summary judgment; the Town has not filed any opposition to the motion. The following facts are undisputed unless otherwise noted.

Appellant applied to convert a camp to a guest house by connecting it to a supply of running water and to a septic system. Because the camp was non-conforming as to a setback requirement Appellant applied for a variance. The ZBA held its hearing on the variance application on April 26, 2006.

The Town does not dispute that the evidence was closed and that the ZBA commenced deliberations at the conclusion of the April 26, 2006 hearing. The Town does not dispute Appellant's assertion that the hearing was not recessed and that Appellant was not asked to provide any additional information at or after the April 26, 2006 hearing. The Town does not claim that the hearing was held open after April 26, 2006. Rather, the hearing was adjourned, as that term is used in 24 V.S.A. §4464(b)(1), at the April 26, 2006 hearing.

1

The ZBA commenced deliberations at the conclusion of the April 26, 2006 hearing, and continued its deliberations on June 22, 2006, when it denied the request for the variance. The denial was issued on June 22, 2006, fifty-seven days after the close of the hearing.

Appellant moves for summary judgment on the ground that the ZBA's denial of his variance request is barred as a matter of law because the ZBA's decision dated June 22, 2006 was issued fifty-seven days after the April 26, 2006 hearing, contrary to the mandate of 24 V.S.A. §4464(b)(1) that a decision be issued within forty-five days after adjournment of the hearing. Section 4464(b)(1) provides that "failure of the panel to issue a decision within [the forty-five day] period shall be deemed approval and shall be effective on the 46th day."

As the undisputed facts do not indicate that any action was taken by the ZBA until well after forty-five days after the hearing was adjourned, Appellant's request for a variance was deemed approved[1] on the forty-sixth day. The ZBA's failure to take any action for fifty-seven days after the hearing is within the scope of the sort of "indecision and protracted deliberations" that the deemed approval remedy was designed to remedy. In re Appeal of Newton Enterprises, 167 Vt. 459, 465 (1998); see also In re McEwing Services, LLC, 2004 VT 53, ¶21 ("the instant case involves an untimely decision that resulted from protracted deliberations, and, therefore, the statutory remedy is appropriate").

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's Motion for Summary Judgment is GRANTED, concluding this appeal.

---

[1] This decision is made on the procedural basis of the requirements of 24 V.S.A. 4464(b)(1), and does not address the substantive basis for the ZBA's denial.

Appellant's request for a variance from the setback requirements for the conversion of Buck Horn Camp to a guest house by the addition of running water and a septic connection, was deemed approved effective as of June 11, 2006, the forty-sixth day after the evidence was closed at the ZBA's April 26, 2006 hearing.

Done at Berlin, Vermont, this 12th day of March, 2007.

_____

Merideth Wright
Environmental Judge

3