VT SUPERIOR COURT

## STATE OF VERMONT

**SUPERIOR COURT**
**Washington Unit**

2019 FEB 15 A 8:15

**CIVIL DIVISION**
**Docket No. 227-4-17 Wncv**

**CHAD PAQUETTE**
    **Plaintiff**

FILED

    **v.**

**LISA MENARD**
    **Defendant**

## DECISION
### Cross-Motions for Summary Judgment

Petitioner Chad Paquette, an inmate in the custody of the Commissioner of the Department of Corrections, seeks Rule 75 review of his request for expungement of a conviction for a disciplinary violation by the Vermont Department of Corrections. The only issue is whether he is entitled to expungement because he received the disciplinary decision on the sixth day after the hearing rather than within five days as required by Directive 410.01, Procedural Guidelines § 8(e). The parties have filed cross-motions for summary judgment addressing that issue.

The Directive requires as follows: "The Superintendent will forward the decision to the inmate within five (5) business days of the hearing." There is no dispute that Mr. Paquette received his decision on the sixth day.

The Directive does not specify any consequence, much less expungement, if the DOC misses the 5-day deadline in § 8(e). There are numerous required timeframes for different steps in the disciplinary process in Directive 410.01, only one of which leads to *automatic* expungement if violated by the DOC. The failure to respond to an appeal within thirty days "will result in the dismissal of the disciplinary action, and staff will expunge the DR packet from the inmate's file and the database." Directive 410.01 § 9(c). Even when such a severe remedy is expressly available—unlike here—it must be "'strictly construed . . . to apply only when it clearly implements the . . . purpose' of avoiding indecision and protracted deliberation" and prejudice. *Loveland v. Gorczyk*, 173 Vt. 501, 502 (2001) (quoting *In re Newton Enterprises*, 167 Vt. 459, 465 (1998)) (interpreting the 30-day appeal response period in an earlier version of Directive 410.01).

In this case, there is no relevant expungement remedy in the Directive. A one-day delay in receiving a decision does not demonstrate indecision or protracted deliberation, and there is no showing of prejudice.

There is no legal basis for the relief Mr. Paquette seeks.

## ORDER

For the foregoing reasons, the State's motion for summary judgment is *granted* and Mr. Paquette's is *denied*.

Dated at Montpelier, Vermont this 15th day of February 2018.

Mary Miles Teachout
Superior Judge